Kurtz *v.* The State.

---

Kurtz *v.* The State.

[No. 17,169.  Filed February 21, 1896.  Rehearing denied May 18, 1896.]

Practice.—*Criminal Procedure.—Discharge of Juror After Submission.*—After the acceptance of the jury, and after they are sworn to try the cause, it is too late to examine them as to their competency, or to peremptorily challenge any of their members, unless there be first interposed a motion to set aside the submission.

From the Vanderburgh Circuit Court.    *Affirmed.*

*P. W. Frey* and *W. W. Ireland,* for appellant.

*W. A. Ketcham,* Attorney-General, and *J. W. Spencer, J. R. Brill,* and *F. E. Matson,* for State.

Howard, J.—The appellant was convicted of murder in the first degree, and sentenced to the State's prison for life.

It is admitted by the State, that appellant was greatly wronged by the deceased, both in his domestic relations and also in the abusive language used by the deceased and in the threats used by him against the life of the appellant.    From a purely legal stand-

point, however, there is abundant direct evidence which supports the verdict; and there was no element of self-defense.

The error insisted upon by the appellant is that the court overruled his motion to discharge one of the jurors from the panel trying the case, both for cause and peremptorily.

After the jury were sworn upon their *voir dirc*, examined, accepted, and sworn to try the cause, and after the opening statements were made by the State and the defendant, and while the first witness was examined, Henry Edmonds, one of the jurors, left the box and approached the judge, to whom he said, that since listening to the opening statement of the prosecuting attorney he thought he might have talked about the case. The juror then returned to his seat, and the court, in the presence of the jury and the parties, made known the communication which had been made.

Soon after, the appellant asked that court be adjourned until the next morning, in order that a motion might be made regarding the communication received from the juror. The next morning, on the opening of court, the jury and the parties being present, the defendant moved the court for an examination of said juror as to his competency to sit in the case. To this motion the prosecuting attorney, for the State, objected, claiming that the court could not entertain the motion, because the proper motion was to set aside the submission of the cause to the jury, after which the jury might again be examined on their *voir dirc*. The court, however, held that the motion to set aside the submission might be made afterwards, if an examination of the juror should show that this ought to be done.

The juror was thereupon examined by the parties,

after which counsel for defendant challenged the juror for cause, which challenge was overruled by the court. The record next recites: "Now, here, the defendant, at the same time and place, challenges the said Edmonds peremptorily, the said defendant having exhausted, in the said cause, in the impaneling of said jury, only fifteen peremptory challenges, and moves the court to excuse said juror so peremptorily challenged by defendant, and put another juror in the box in his place, which motion the court now here denies and overrules, to which the defendant excepts."

The answers made to the examination of the juror show that he was competent; and hence there was no error in overruling the challenge for cause, even if it had been made before the impaneling of the jury. It did not appear that he had formed or expressed any opinion in the case; but only that, perhaps from an over-sensitive conscience, he was fearful, on hearing the prosecutor's statement, that he might have formed or expressed such opinion; which opinion, if any there was, the juror said, would readily yield to the evidence and would not prevent him from rendering a fair and impartial verdict.

Appellant insists that even if it were true that he had no right to challenge the juror for cause, he certainly had a right to challenge him peremptorily; that he had not exhausted the twenty peremptory challenges given him by the statute; that, with or without fault, the juror had, on the original examination, conceded the fact that he had, or might have, expressed some opinion in the case, and so had deprived the appellant of a right guaranteed him by the law; that the right to a peremptory challenge is given to enable a defendant to reject a juror whom he does not like, or of whom he is fearful, even though he may not be able to give any reason for such dislike or such fear, or

though the challenge may be made for a mere whim, unaccountable even to himself.

It is indeed clear that the right to a peremptory challenge is just as absolute as the right to a challenge for cause, and for the reasons given by counsel. We think, however, that in this case the appellant did not pursue the proper course. After the acceptance of the jury, and after they are sworn to try the cause, it is too late to examine them as to their competency, or to peremptorily challenge any of their number, unless there be first interposed a motion to set aside the submission. Had there been, in this case, a motion to set aside the submission of the cause to the jury, with a view to the re-examination of this juror on his *voir dire*, and had the court overruled such motion, we should have a very different case before us.

Nor was it by any oversight or inadvertence that counsel did not make the proper motion. The motion that should have been made was suggested by the prosecuting attorney, and the court intimated that such motion to set aside the submission to the jury might be made, in case it was desired, after the juror should be examined. Counsel for appellant, however, did not seek to avail themselves of such right to move the setting aside of the submission, either before or after the juror's examination. Certainly the juror to whom the cause had been submitted could not be excused, and another juror, to whom it had not been submitted, put in his place. The cause must be submitted to the jury as a whole; and to re-examine any juror it would first be necessary to set aside the submission to the jury. The jury would then be in the condition in which they were before they were sworn. Appellant having failed to avail himself of the means by which he might have made his peremptory challenge good, cannot now complain that the court refused to

grant him this privilege in violation of the proper procedure.

By section 1863, R. S. 1894 (section 1794, R. S. 1881), "All challenges for cause shall be summarily tried by the court on the oath of the party challenged or other evidence, and shall be made before the jury is sworn." The rule as to the time when a peremptory challenge may be taken is the same. "Either party," said Judge Dewey, in *Beauchamp* v. *State*, 6 Blackf. 299, "may challenge at any time between the appearance and the swearing of the jury. 1 Chitt. C. L. 545." And see *Munley* v. *State*, 7 Blackf. 593; *Morris* v. *State*, 7 Blackf. 607; *Jackson* v. *Pittsford*, 8 Blackf. 194; *Wyatt* v. *Noble*, 8 Blackf. 507; 1 Bish. New Crim. Proced., sections 932 and 945.

The court, therefore, in the absence of a motion to set aside the submission, did not err in overruling appellant's peremptory challenge.

The judgment is affirmed.

# CASES

## ARGUED AND DETERMINED

IN THE

# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1896, IN THE EIGHTIETH
YEAR OF THE STATE.