THOMPSON v. STATE OF INDIANA.

[No. 25,420.   Filed March 6, 1928.] ·

1. CRIMINAL LAW.—*Evidence considered on appeal.*—The evidence upholding the verdict is the only evidence that will be considered on appeal in determining the sufficiency of the evidence to sustain the verdict.   p. 698.

2. RAPE.—*Motion for directed verdict in rape prosecution because of variance as to time of offense properly overruled.*—In a prosecution for rape, there was no error in overruling a motion for a directed verdict for the defendant because of a variance between the time of the commission of the offense alleged in the indictment and the testimony, time not being of the essence of the offense, and it was not necessary for the state to prove the exact date named in the indictment.   p. 698.

3. JURY.—*Juror may be peremptorily challenged at any time before the jury is sworn.*—Either party may challenge a prospective juror at any time before the jury is sworn, and the fact that the state has passed the jury to the defendant and he has accepted it does not preclude a peremptory challenge of a juror by the state.   p. 699.

4. CRIMINAL LAW.—*Instructions given must be set out in appellant's brief to present any question as to instructions.*—Under the provision of Rule 22 of the rules of the Supreme Court (as amended in 1924), in order to present any question relating to the giving or refusal of instructions, the instructions given must be set out in that part of appellant's brief giving a concise statement of the record.   p. 699.

From Marion Criminal Court (61,426); *Fremont Alford,* Special Judge.

Everett Thompson was convicted of assault with intent to rape, and he appeals.   *Affirmed.*

*T. Ernest Maholm* and *John Edwards,* for appellant.
*Arthur L. Gilliom,* Attorney-General and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was charged by indictment with the crime of rape on a female child under the age of sixteen years.   He was tried by a jury and was found guilty of assault and battery with intent to rape.   He has appealed to this court from the judgment of fine and imprisonment, assigning as error the overruling of his motion for a new trial.

Two of the causes in the motion for a new trial are that the verdict of the jury is not sustained by sufficient evidence and the verdict of the jury is contrary to law. The indictment alleged that the crime was committed on or about November 6, 1926. The prosecuting witness, who was thirteen years old, testified that the appellant had intercourse with her on September 5, 1926, and also on September 6, 1926. At the close of the evidence of the state, the defendant filed a motion to require the state to elect on which offense a conviction would be asked. The motion was sustained and the state elected to rely upon the first offense.

The defendant attempted to prove an alibi. The evidence upholding the verdict, which is the only evidence which will be considered on appeal, was

1. sufficient to prove the commission of the particular act relied upon for conviction and to sustain the verdict; and it does not appear that the verdict was contrary to law.

At the close of the state's evidence, the defendant filed a motion to instruct the jury to return a verdict of not guilty, because there was a variance between

2. the allegation in the indictment as to the time of the commission of the offense, and the evidence as produced by the state as to the time of the commission of same. In *Perfect* v. *State* (1923), 197 Ind. 401, 141 N. E. 52, it was held in a rape case that time is not of the essence of the offense and it is not necessary for the state to prove the exact date named in the indictment as the date on which the offense was committed, and that while a conviction can be had only for the specific offense charged and testified to by the prosecuting witness, it is sufficient to show that such offense was committed within five years prior to the filing of the indictment against the defendant. The proof as to the time of the commission of the offense relied upon by the state

showed a time within the statute of limitations. It was not error to overrule said motion.

Another cause for a new trial was as follows: "The court erred in permitting the state to peremptorily remove a juror by challenge after the jury had been passed by the defendant to the state and the state passed the jury back to the defendant, when the defendant accepted the jury, after which the state excused a juror by peremptory challenge." Either party may challenge at any time between the appearance and the swearing of the jury. *Beauchamp* v. *State* (1842), 6 Blackf. (Ind.) 299; *Munly* v. *State* (1895), 7 Blackf. (Ind.) 592; *Kurtz* v. *State* (1896), 145 Ind. 119, 42 N. E. 1102.

Appellant claims that the court erred in giving of its own motion instructions Nos. 1 to 15, inclusive, and in refusing to give instruction No. 16 tendered and requested by appellant. Rule 22 of this court provides that, when error is predicated on the giving or refusal of instructions, the statement must recite the instructions that were given. He has failed in his brief to recite the instructions at length or state the substance of them. It is true that part of instruction No. 13½ is quoted by appellant, but the substance of the omitted part is not stated. Instruction No. 19 tendered by appellant and refused by the court is mentioned by him in his argument, but it is not referred to in his points and authorities in such a manner that it can be identified without searching the record. No error in regard to instructions has been properly presented.

It does not appear that the ruling on the motion for a new trial was erroneous. The judgment is affirmed.

Martin, J., not participating.