FOREMAN *v.* STATE OF INDIANA.

[No. 25,193.   Filed March 17, 1932.]

326

*Cline, O'Malley & Glenn* and *Eichhorn, Gordon & Edris,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

MYERS, J.—In the court below, appellant was charged, tried upon an amended affidavit, and convicted by a jury of the offense of vehicle taking and the concealing of a vehicle, knowing same to have been stolen. §2460 Burns 1926, Acts 1921 p. 494. On appeal to this court, he has assigned as error the overruling of his motion for a new trial. In support of this motion, he relies entirely upon the alleged errors of the court in admitting, over his objection, asserted incompetent evidence; refusing to admit competent evidence tendered by him; the untruthful answer of one juror upon his *voir dire* examination; and the overruling of his motion to vacate the judgment.

Appellant was a witness in his own behalf. He denied all knowledge of the alleged theft. On rebuttal, six witnesses, over appellant's objection, were permitted to testify that his general moral character in the neighborhood in which he lived was bad.

There was no error in admitting this evidence. *Robinson* v. *State* (1882), 84 Ind. 452; *Morrison* v. *State* (1881), 76 Ind. 335; *Griffith* v. *State* (1895), 140 Ind. 163, 39 N. E. 440.

A witness called by the State on rebuttal testified only as to the bad moral character of the defendant, and, on cross-examination, said he first saw the defendant "about five years ago." On redirect examination, in answer to questions: "You say you saw Fred Foreman five years ago? A. Yes. He was a mile west of Eaton and one mile and a half north. He had slipped off in the ditch." Q. "What was the circumstance of your seeing him at that time? A. They were all intoxicated when I saw them and had slipped off in the ditch." The objection to this last question—collateral, not proper rebuttal—was overruled, and a motion to strike out the answer—improper and incompetent—overruled. The motion to strike out the answer should have been sustained. There was nothing in the cross-examination to warrant either the question or the answer, and if the question was proper on redirect examination, the answer was not responsive to the question nor did it have any natural connection with the pending charge. It was not, therefore, competent evidence in support of the charge of vehicle taking (*Porter* v. *State* [1910], 173 Ind. 694, 91 N. E. 340; *Underhill* v. *State* [1916], 185 Ind. 587, 114 N. E. 88), nor was it competent as tending to prove general reputation, for the reason that general moral character cannot be established on direct or redirect examination by proof of particular acts or of remote extraneous crimes. *Griffith* v. *State, supra; Davis* v. *State* (1926), 197 Ind. 448, 151 N. E. 329; *Spencer* v. *Robbins* (1886), 106 Ind. 580, 5 N. E. 726.

Appellant reserved an exception to the ruling of the court sustaining an objection to a question propounded

by him to a witness on cross-examination which tended to prove whether the prosecuting witness had said anything to him that appellant had admitted that he "helped to steal the automobile." The witness on the stand was the sheriff of Huntington County, and the claimed admission to the prosecuting witness occurred in the Huntington County jail in a conversation between the prosecuting witness and the defendant within eight feet of the sheriff and within approximately three feet of a representative of an insurance company. The insurance company representative was not called as a witness in the case. The sheriff did not hear such admission. The object of the question was not stated, but in any event it would have involved a collateral inquiry, which was correctly excluded.

A juror on his *voir dire* examination answered "No" to the question: "Do you know Charles Rickert, the janitor of the German Reformed Church on the south side?" It is made to appear by the affidavit of appellant that he was not acquainted with the juror and was an entire stranger to the residents of Huntington County, and by the affidavits of counsel for appellant, in substance, it appears that they were endeavoring to obtain a jury who were unacquainted with the prosecuting witness Charles Rickert; that they accepted the juror's answer to the question propounded to him as correct and truthful, and knew nothing to the contrary until after the jury had returned its verdict; that they had not used more than five peremptory challenges, and had the juror answered the question truthfully, that he had known the prosecuting witness for four or five years, they would have exercised their right of a peremptory challenge to the juror. The juror, by his affidavit, admitted that he was asked the question and that he answered it as stated in the affidavit of counsel for appellant; that, at the time he answered the question, he

did know that a person by the name of Rickert was employed as janitor at the German Reformed Church in Huntington, Indiana, but did not know him as Charles Rickert, and had no personal acquaintance with him; that he had seen Rickert about the church at times when he passed the church going from his home to the business part of the city of Huntington; that his first knowledge of Rickert's given name was after affiant was selected as a juror and Rickert appeared as a witness; that he did not give the testimony of this witness undue credence but considered it along with all of the other evidence and "gave it such weight as he thought it was entitled to."

From these affidavits, which were made a part of the record by a bill of exceptions, it unquestionably appears that the question propounded to the jury was sufficiently descriptive of the prosecuting witness, whom he admittedly knew, to have required a more attentive answer. While the acquaintance shown may be regarded as not intimate, yet a truthful answer would have justified additional questions and answers as a basis for the exercise of a discretion by the accused concerning the juror's fitness to serve on the jury.

The question we are now considering is not one involving conflicting evidence. On the *voir dire* examination of jurors, appellant was entitled to 10 peremptory challenges. §2255 Burns 1926. He had used five. The people of this state have reserved the right in criminal prosecutions to a trial before an impartial jury. Bill of Rights, Art. I, §13. We may, therefore, say that the law plainly entitles litigants to impartial, unbiased persons for jurors, and secondly, the right to peremptory challenges, the number depending upon the character of the case.

The instant question, as here presented, does not involve discretionary action of the trial court respecting

the right of the accused to interpose a challenge for cause, but it goes to his right of peremptory challenge, over which the court has no control. This right of the accused, it is claimed, was defeated by the positive answer of the juror. The rights of litigants, as affected by untruthful answers of jurors on their *voir dire* examination, have been before the courts many times and under various circumstances. From the decisions examined, we draw the general conclusion that a juror's failure to make full and truthful answers to questions asked him on his *voir dire* examination concerning his relation to the parties litigant or to others directly or indirectly interested in the outcome of the litigation, is misconduct, and will be regarded as prejudicial for the reason it impairs the parties right to challenge. The juror, under such circumstances, cannot be heard to say, after verdict against such deceived party, that no harm resulted from his answers. *Pearcy* v. *Michigan Mut. Life Ins. Co.* (1887), 111 Ind. 59, 12 N. E. 98; *Johnson* v. *Tyler* (1891), 1 Ind. App. 387, 27 N. E. 643; *Lamphier* v. *State* (1880), 70 Ind. 317; *Block* v. *State* (1885), 100 Ind. 357; *Gibney* v. *St. Louis Transit Co.* (1907), 204 Mo. 704, 103 S. W. 43; *State* v. *Thompson* (1902), 24 Utah 314, 67 Pac. 789; *State* v. *Lauth* (1905), 46 Ore. 342, 80 Pac. 660, 114 Am. St. 873; *Moore* v. *Farmers Mutual Ins. Assn.* (1889), 107 Ga. 199, 33 S. E. 65; *Kelley* v. *Adams County* (1925), 113 Nebr. 377, 203 N. W. 544. 20 R. C. L. p. 242, §27.

If it could be said that the evidence in this case is so conclusive of appellant's guilt that no other conclusion could reasonably follow, then there might be some justification in the court's saying that no harm to appellant came from the juror's unthoughtful answer, but we are confronted with an affidavit of a recanting witness, at the time of the trial serving a sentence of from 10 to 20 years at Michigan City, in

support of a motion to set aside the judgment, which motion was made and judgment entered at the same term of court. The facts as stated in the affidavit, uncontradicted by the State, were to the effect that affiant's testimony at the trial connecting appellant as a confederate with the stealing of the automobile was all untrue; that he was a tool in the hands of law-enforcing officers, naming them, in framing appellant as one of the guilty parties, when, in truth and in fact, the accused was not connected with the crime at all. If we should eliminate this witness' evidence from the trial of this case, there would be no evidence upon which to base a conviction except the statement of the prosecuting witness that appellant admitted to him that he was the man who stole the car. Appellant denied making the admission. We have already referred to this incident. The car was insured and, at the time of the trial, had not been found. Furthermore, it appears that the car was stolen on March 18, and there was testimony by two physicians and two neighbors of appellant to the effect that he was at home in bed sick on March 17, 18 and 19.

A fair consideration of the entire record at bar, as it seems to us, presents a case on the evidence of so uncertain a character and so frail and unreliable that we would not be justified in affirming the judgment, and the trial court should have granted a new trial. See *Partlow* v. *State* (1924), 195 Ind. 164, 144 N. E. 661, 30 A. L. R. 1414; *Dennis* v. *State* (1885), 103 Ind. 142, 2 N. E. 349; *Hill* v. *State* (1909), 55 Texas Crim. 435, 117 S. W. 134, 21 L. R. A. (N. S.) 878; *State* v. *King* (1903), 27 Utah 6, 73 Pac. 1045.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.