VEACH *v.* McDOWELL ET AL.

[No. 19,500. Filed July 26, 1962.]

*Lopp & Stephens, Lockyear & Lockyear* and *Theodore Lockyear,* all of Evansville, for appellant.

*Howard C. Sandusky* and *James W. Angermeier,* both of Evansville, for appellees.

PFAFF, J.—Appellant's action to recover damages for personal injuries resulted in a verdict for the defendants, appellees herein. The only question presented on this appeal relates to the selection of the jury.

Appellant, plaintiff below, on voir dire examination exercised two of her three peremptory challenges and thereafter passed the jury to appellees. Appellees conducted their examination and accepted the jury as passed to them. Thereupon, appellant attempted to exercise her third peremptory challenge which was

overruled and denied by the court. This ruling is challenged here.

This is a civil case and the cause and proceedings in the selection of a jury is controlled by §2-2006, Burns' 1946 Replacement, which reads as follows: "In all cases where the jury consists of six (6) or more persons, each party shall have three (3) peremptory challenges."

It is stated in early decisions of our Supreme Court that the right to challenge peremptorily remains open until the jury is sworn. *Beauchamp* v. *The State* (1842), 6 Blackf. 299; *Jackson and Another* v. *Pittsford* (1846), 8 Blackf. 194; *Wyatt* v. *Noble, in Error* (1847), 8 Blackf. 507.

This statement has also been made in later cases. *Kurtz* v. *The State* (1896), 145 Ind. 119, 42 N. E. 1102; *Thompson* v. *State* (1928), 199 Ind. 697, 699, 160 N. E. 293.

In *Jackson and Another* v. *Pittsford, supra,* it is stated:

> "The first error assigned is, that the Court incorrectly allowed the plaintiff to challenge a juror. The following are the facts: After the plaintiff had challenged two jurors peremptorily, and their places had been supplied, he said he would take the jury. Some jurors challenged by the defendants being set aside, and others put in their places, they accepted the jury. Afterwards, one of the jurors, who was in the box when the plaintiff said he would take the jury, was challenged peremptorily by the plaintiff. This challenge was objected to, but the objection was overruled. There was no error in allowing the challenge objected to. The plaintiff had a right to make it at any time before the juror was sworn."

In *Thompson* v. *State, supra,* it is stated:

> "Another cause for a new trial was as follows: 'The court erred in permitting the state to per-

emptorily remove a juror by challenge after the jury had been passed by the defendant to the state and the state passed the jury back to the defendant, when the defendant accepted the jury, after which the state excused a juror by peremptory challenge.' Either party may challenge at any time between the appearance and the swearing of the jury."

However, in *McDonald* v. *State* (1909), 172 Ind. 393, 88 N. E. 673, the Supreme Court qualified to some extent the rule that a party may challenge a juror peremptorily at any time prior to the swearing of the jury. There the jury was passed back to the defendant for the third time. The defendant had used but three of his ten peremptory challenges. Defendant peremptorily challenged a juror who had been in the box from the time the impaneling of the jury began. This challenge was disallowed and it was held that this was not error.

The court stated that the earlier holdings were general declarations of the right of peremptory challenge extending until the jury is sworn and did not involve any question of practice as to the mode of conducting the impaneling of juries and the exercise of the right of challenge or of the right and power of courts to direct the manner of its exercise; that while the right of peremptory challenge is an absolute one, it is not so far so that it may be exercised under all conditions, for it is a right which may be waived. The court further held that "the right of challenge is not denied where it is restricted to a defined number of opportunities for challenge"; that the time when or the manner in which the challenges must be exercised may be fixed by reasonable limitation so long as the right of peremptory challenge is not taken away; that when reasonable opportunity is given to

challenge, the spirit of the statute is complied with and that it does not mean that the right is an open one at all times until the jury is sworn, irrespective of all else; that there is no good reason why the jury should be passed backward and forward to await the action of the adversary.

In *Schondel* v. *State* (1910), 174 Ind. 734, 93 N. E. 67, defendant examined the jurors composing the panel, excused one and passed the jury to the state. The state excused one juror and passed the jury back to the defendant. The defendant thereupon excused one of the original jurors and announced that he would pass the jury for the present. The trial court required defendant to pass the jury definitely and to determine whether the jury as then composed was satisfactory to him before he repassed it to the state. Defendant refused to do so and claimed the right to challenge after the prosecuting attorney had repassed the jury to him. The ruling requiring defendant to make all the peremptory challenges before the jury was repassed was held not erroneous upon authority of the McDonald case. The court said:

" . . . it may be said that the court had the right, *in the exercise of its discretion,* after the jury had been passed back by the State to the defendant for his further consideration, to require defendant either to exercise his right to challenge further or to accept the jury as it was then composed, subject, however, to his right thereafter to challenge any juror who might be called by the sheriff to replace one who had been challenged or excused by the prosecuting attorney." (Our emphasis.)

It thus appears from the decisions of the Supreme Court that the trial court, in the exercise of sound

legal discretion, may to some extent direct the manner of conducting the impaneling of juries and the manner of the exercise of the right of peremptory challenges; that reasonable limitations may be fixed so long as the right of challenge is not taken away and reasonable opportunity is given to challenge.

In *Foreman* v. *State* (1932), 203 Ind. 324, 329, 180 N. E. 291, it is stated: "The instant question, as here presented, does not involve discretionary action of the trial court respecting the right of the accused to interpose a challenge for cause, but it goes to his right of peremptory challenge, over which the court has no control."

If it affirmatively appears that a party was not prejudiced by a failure to allow peremptory challenges there would, of course, be no cause for reversal, under the general rule that a cause will not be reversed for harmless error.

"On the other hand, however, if the complaining party is prejudiced by an erroneous ruling on peremptory challenges, the error is not harmless. Accordingly, a prejudicial error in depriving a party of his legal number of peremptory challenges, or allowing to one of the parties additional peremptory challenges, is ground for reversal. Moreover, it has been held that the denial of a right of peremptory challenge is prejudicial per se and harmful, and a party is not required to make an affirmative showing that the denial of his right resulted in prejudice and injury to his cause; and the test is not whether the denial actually influenced the result, but whether it had the capacity for doing so." 5A C. J. S., *Appeal and Error*, §1708, p. 833.

"The right to peremptory challenges, where given by law, is absolute, and cannot be ques-

tioned either by opposing counsel or the court, or arbitrarily denied. Therefore, to impanel a jury in violation of law, in such a way as to deprive a party of his right to peremptory challenge, constitutes reversible error." 31 Am. Jur., *Jury*, §233, p. 195.

To hold that a plaintiff must exercise all of his peremptory challenges when he first examines the jurors under penalty of losing unused challenges if the defendant accepts the jury as passed to him, seems to us not to afford reasonable opportunity to challenge peremptorily. This is not a case where the right to challenge was restricted to a defined number of opportunities for challenge. There was only one opportunity. In our opinion there was an abuse of discretion.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Kelley, C. J., Bierly, J., concur; Gonas, J., dissents without comment.

NOTE.—Reported in 184 N. E. 2d 149.