Dean MARSH, Appellant,

v.

STATE of Indiana, Appellee.

No. 1278S297.

Supreme Court of Indiana.

Nov. 21, 1979.

Rick D. Meils, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a criminal appeal from convictions for commission of a felony while armed, to-wit: rape, pursuant to Ind.Code § 35–12–1–1 and first degree burglary pursuant to Ind.Code § 35–13–4–4. Appellant seeks relief on four bases, alleging (1) error in refusing to permit him to peremptorily challenge a juror; (2) prosecutorial misconduct in closing statement; (3) error in refusing to grant a continuance; and (4) that the evidence was insufficient to support the verdict of guilty.

## I.

During the jury selection defense counsel addressed peremptory challenge to jurors number 2, 4, 5, 7, and 8. In refusing to permit the challenge as to juror number 8, the court stated:

"Wait a minute. Once you've done one— you've already accepted eight. A pass done is a pass accepted. So its 2, 4, 5, and 7. Eight remains."

The record of voir dire examination and actions taken on challenges during such examination is not included in the record of proceedings before us. The local rule of practice which the trial court was apparently applying is likewise absent from the record and briefs. In *Cochran v. State* (1978) Ind., 378 N.E.2d 868, we were faced with a claim of this same nature which arose in the same court. Because of the absence of a transcript of the voir dire examination and a copy of the local rule governing that procedure, this Court was unable to reach the merits of the claim. However, in this case we find a sufficient record upon which to fairly adjudicate the claim in the colloquy of the judge, the chronological record of the steps taken during voir dire, and representations in appellant's brief.

The right of an accused to peremptory challenges is granted by Ind.Code § 35–1–30–2. The statutes governing jury challenges in criminal cases are in the same form today as when originally enacted as part of the Criminal Code of 1905 with a minor exception relating to the selections of jurors in death cases, a change which does not touch this case. In *McDonald v. State* (1909) 172 Ind. 393, 88 N.E. 673, with regard to this same statute, this Court said:

"[T]he statute means that when the jury is passed to a party he must challenge peremptorily if he would challenge, in the absence of an after-arising condition, and that, when the opportunity was twice given, as here, and not exercised, a party cannot complain, unless new conditions arise, calling for an exception [to,] or relaxation of the rule, the practice or the order in the particular case, and that, if a given practice, not arising to the dignity of a rule, is invoked, as here, one to be exempt from its operation, on account of his ignorance of it, he must reasonably apply to be relieved from its operation." 172 Ind. at 397, 88 N.E. at 675.

The Court in this statement departed from the prior common law rule which permitted peremptory challenges to be made at any time prior to the time the jury is sworn, *Beauchamp v. State* (1842) 6 Blackf. 299; *Cochran v. State, supra,* and in the same opinion established the present rule that the right to challenge peremptorily is subject to reasonable regulation by the court. Appellant relies heavily upon the appellate court opinion in *Veach v. McDowell* (1962) 133 Ind.App. 628, 184 N.E.2d 149, in which that court reversed a judgment because of the refusal of a judge to permit a peremptory challenge to be exercised. The circumstances of that case were that the plaintiff first examined the prospective jurors, exercised a number of peremptory challenges and passed the group to the defense which conducted examination and accepted the jury as passed to them. The plaintiff then sought the rebuked challenge. The appellate court held that the plaintiff had not been afforded a reasonable opportunity to challenge peremptorily.

According to the reasoning in the *McDonald* case, it is not an impermissible withdrawal or unreasonable restriction of the right to challenge peremptorily to require *a party to whom the prospective jurors have been passed by his opponent* to then exercise such challenges to such jurors. At such point the party required to exercise the challenge has heard the examination by his opponent and has had an opportunity to conduct his own examination and, we think, has at hand all the requisite information for making an intelligent choice of whether to challenge those before him. *Wasy v. State* (1955) 234 Ind. 52, 123 N.E.2d 462. In *Veach*, the plaintiff was denied any opportunity to exercise available challenges after having the jury passed to him. The *McDonald* court would condemn the limitation ordered by the trial court in *Veach*. The two cases are consistent.

In the case at bar, appellant during voir dire examination prior to the time he sought to exercise the challenge to juror number 8, had heard the examination of that juror by the State, and had thereafter an opportunity to both examine him and to exercise a peremptory challenge to him, and simply did not avail himself of that latter opportunity. It was perfectly reasonable for the trial court to require the defense to

exercise its peremptory challenge to juror number 8 immediately after having heard the examination of him by the State and having had an opportunity to do the same. In further support of the action of the trial court, it is to be noted that defense counsel did not apply to the trial judge at the time the attempted challenge was rebuked, to be relieved of that court's ruling. There was no withdrawal of the right here and no unreasonable restriction of it.

## II.

Appellant testified at trial that he had had sexual intercourse with the alleged woman victim at the time and place charged, but asserted in defense that she had freely submitted to him. During final summation the trial prosecutor sought to undermine this testimony by stating:

"[N]ote how easily his story was adopted [sic] to the version that she [victim] had, and I might tell you that he had access to these statements by . . . ."

At this point defense counsel objected on the basis that there was no evidence admitted regarding a statement. It was sustained and the jury was ordered to disregard the comment. A motion for mistrial on the same basis was then made and denied. Appellant contends that the court erred in denying the mistrial motion.

 The final summation of the prosecution is restricted by law to the evidence presented at trial and must not be based upon implied personal knowledge. *Clark v. State* (1976) 264 Ind. 524, 348 N.E.2d 27. The statement of the prosecutor referred in turn to a statement by the prosecuting witness which had not been given to the jury, and sought to persuade the jury that it dovetailed in many respects with appellant's version of the events, a conclusion the jury could reach only if it relied entirely upon the prosecutor's opinion, and as such was misconduct. We, therefore, next determine whether the effect of the injection of this improper matter into the jury's awareness placed appellant in a position of grave peril to which he should not have been subjected. *Bruce v. State* (1978) Ind., 375

N.E.2d 1042; *Maldonado v. State* (1976) 265 Ind. 492, 355 N.E.2d 843.

At trial the woman testified to the events of the charged crime in great detail. If the jury was inclined to disparage appellant's version of events because of its sameness to her version, it could well do so upon her trial testimony alone as appellant heard it before he testified. If the jury inferred from the prosecutor's summation that his version was also much like her pre-trial version, that inference as we see it would have reinforced such inclination to only the remotest and slightest degree. Furthermore, it is not clear that such inference would have been drawn, as the reference to statements could refer to in-trial statements or testimony of the witness as well as to pre-trial statements. The prosecutor's remarks did not prejudicially influence the jury's decision thereby placing appellant in a position of grave peril.

## III.

 Appellant contends that there was insufficient evidence that the woman did not consent to the intercourse. On appeal we look to the evidence and the reasonable inferences which support the verdict. The conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which the trier of fact could reasonably infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970) 253 Ind. 536, 255 N.E.2d 657. The rape statute applicable here defines rape as:

"carnal knowledge of a woman forcibly against her will. . . ."

Appellant argues that the evidence tending to show that appellant had intercourse with the woman "forcibly against her will" was inherently improbable and uncorroborated and that the trial court should have directed a verdict. *Taylor v. State* (1972) 257 Ind. 664, 278 N.E.2d 273. Appellant identifies the previous relationship of the two, and their behavior and attitude in support. According to the testimony of the woman this previous relationship was limited to casual contacts during the time when she and appellant both rented in the same building.

She had been introduced to appellant by their landlady. On one occasion she assisted appellant in getting some gas, and on others permitted him to store some items in her apartment and later retrieve them. On the night of the alleged attack, she was in bed about midnight, heard some noise, and was confronted by appellant. He held a screwdriver to her throat, and threatened her. She struggled against him, but gave up because of the threat from the screwdriver. The screwdriver was held to her throat throughout the act of intercourse. This was followed by a half hour conversation in which appellant explained how he had gained entrance to her place by prying open a window and the difficulties he was having in life. On the other side of the case appellant testified that the woman willingly consented to his forcible assault. The conflict between these stories was for the jury to resolve, and its resolution against appellant was not based upon testimony which can rationally be characterized as inherently improbable. It is not at all unusual in cases of this type for the woman to be acquainted with the man, and for the man to be convinced that the woman consented to his forcible assault and later conversation out of passion and affection rather than fear. The case properly went to the jury.

IV.

When the time arrived for the trial below to commence, appellant orally requested and was denied a continuance to subpoena witnesses in his behalf. The two witnesses were appellant's father and ex-wife, and they were to testify as character witnesses. The trial judge offered the defense an opportunity to confer with the prosecution to agree upon a stipulation of the testimony these two witnesses would give. During trial appellant's mother and a friend did testify regarding his character and no stipulation was presented. Under these circumstances the refusal of a continuance did not result in a denial of a fair trial.

The convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.