**Louis Edward "Buddy" RILEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1080S390.**

Supreme Court of Indiana.

Nov. 13, 1981.

Mark W. Hunter, Brazil, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with rape and criminal confinement. A jury trial resulted in a finding of guilty on both counts. He was sentenced to a term of imprisonment of fifty (50) years on the count of rape, and a term of four (4) years on the count of criminal confinement, the terms to run consecutively.

The record reveals the following facts. On the night of September 9, 1979, one C.F. was forced into a truck by a young man who then drove her to a secluded spot in Clay County and raped and beat her. She described her assailant to a Clay County deputy sheriff immediately after the incident. On September 24, the victim offered a description to state police while she was under hypnosis. At that time a composite sketch of the assailant was drawn. Though there were inconsistencies in these descriptions, C.F. described her assailant as clean-shaven in all of them.

Two attempts to have the victim identify her assailant from police mug shots were unsuccessful. On January 21, 1980, C.F. identified appellant as her assailant, working from a specially prepared photographic display. She also identified appellant later as he stood trial in Vigo County on a rape charge.

Prior to trial, appellant filed a Motion to Suppress Photographic Evidence in regard to C.F.'s identification from the display. Said motion was granted due to the suggestive nature of the display, however, at trial appellant himself introduced the display as a defense exhibit. Appellant filed a Motion in Limine to prohibit all in-court identification, arguing C.F. had no basis for identifying him independent of allegedly suggestive pretrial confrontations. The trial court denied the Motion in Limine.

Appellant submitted testimony to the effect he had a beard in September of 1979. A photograph taken for booking purposes in the Vigo County jail on unrelated charges on September 14, five days after the rape, showed him with at least some facial hair. The photograph used in the display, shown

to C.F. on January 21, showed appellant clean-shaven but the date on which the photograph was taken could not be established. The appellant was arrested on January 22. A photograph taken at that time shows he had a beard.

▋▋▋ Appellant claims the trial court erred in not granting his Motion in Limine to suppress all in-court identification of appellant by the victim. However, to preserve error in this question it was also necessary for the appellant to object to the evidence of identification at the time it was offered. It is not sufficient to stand on the denying of his Motion in Limine. *Waters v. State,* (1981) Ind., 415 N.E.2d 711; *Pavone v. State,* (1980) Ind., 402 N.E.2d 976. At the time the victim made the in-court identification of the appellant there was no objection. We hold this failure to object to the in-court identification was a waiver of the objection. There is no error involved, therefore, in the in-court identification of the appellant.

Appellant claims error concerning alleged improprieties committed by the State in final argument to the jury. Final arguments to the jury in this case were not recorded by the court reporter. Appellant attached an affidavit to his Motion to Correct errors, setting forth his recollection of the State's final argument. The State did not submit counter affidavits. The trial judge examined the affidavit and certified that, along with the other objections, motions and evidence taken in the cause, all were "approved and found to be correct," and were ordered made a part of the record in the case. This procedure was in compliance with Rule 7.2(A)(3)(c). We accept the averments of appellant's counsel as true.

During final argument, the State made reference to the photograph of appellant taken in the Vigo County jail when he was arrested on an unrelated charge on September 14, 1979. The State claimed there was no evidence the photograph had been attached to the booking record; however, the record shows there was clear evidence of the photograph attached to the record. The other misstatement was in reference to the

picture of appellant in the display shown to C.F. on January 21, and the picture of him taken when he was arrested the next day. The State's final argument "contained dates not testified to and . . . made references and certain insinuations to said dates to the effect of when the photographs were taken . . . ." The record shows no date was ever established for the taking of the first photograph.

▋▋ In cases of alleged prosecutorial misconduct in making final argument to the jury, this Court will consider "whether the misconduct, under all the circumstances, 'placed the defendant in a position of grave peril' (cites omitted) . . . . Whether the misconduct results in subjecting the defendant to 'grave peril' is determined by the probable persuasive effect of the misconduct on the jury's decision . . . ." *Maldonado v. State,* (1976) 265 Ind. 492, 498–499, 355 N.E.2d 843, 848. *See also, Stanley v. State,* (1980) Ind., 401 N.E.2d 689; *Marsh v. State,* (1979) Ind., 396 N.E.2d 883.

▋▋ Although the conduct of the prosecutor was improper in not confining his argument to the facts of the case, we nevertheless cannot ascribe such gravity to his misconduct as to cause a reversal. The argument between the defense counsel and the prosecuting attorney as to when certain pictures were taken, and how much facial hair the appellant had at a given time, was certainly a fact the jury could readily discern from all of the evidence submitted. The trial judge remained well within the bounds of his discretion in determining the conduct of the prosecuting attorney did not constitute reversible error.

▋▋ Appellant claims the trial court erred in the admission of testimony of police sergeant Rhodes who had questioned the victim while she was hypnotized. The court permitted Sergeant Rhodes to testify as to what C.F. told him about her assailant. An examination of the record, however, shows appellant failed to preserve error with a specific objection to the admission of this evidence. At the time the offer was made, the only statement made by

appellant's counsel was, "Objection." The uttering of the single word, "Objection" with no accompanying statement of legal grounds on which the objection is based, is not specific enough to meet the requirements of the rules of this Court. We have previously stated, "the rules of this Court require that objections to the introduction of evidence must be specific and not general." *Wilson v. State*, (1966) 247 Ind. 454, 460, 217 N.E.2d 147, 151. We therefore hold no error on this subject has been preserved by the appellant for review by this Court.

Appellant claims the evidence is insufficient to support the verdict. When reviewing the sufficiency of the evidence, this Court will look only to that which supports the jury's verdict, and any reasonable inferences that may be drawn therefrom. *Sloan v. State*, (1980) Ind., 408 N.E.2d 1264, 1265; *Goodpaster v. State*, (1980) Ind., 402 N.E.2d 1239, 1244; *Stanley v. State, supra*, at 693. In so doing we do not judge the credibility of witnesses or reweigh the evidence. In this case there is evidence to support the jury's verdict.

The trial court is in all things affirmed.

HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result with opinion in which PRENTICE, J., concurs.

DeBRULER, Justice, concurring in result.

On the basis of the record presented here I do not believe this Court can reach the issue of whether the prosecutor engaged in misconduct in arguing in final summation upon the basis of facts not present in the evidence heard by the jury. No transcription was made of the final summations. Defense counsel submitted his affidavit describing what had been said by the prosecutor during summation with his motion to correct errors. There was no response made by the State. The trial judge simply denied the motion to correct errors. Furthermore there is no specific reference to the affidavit or proceedings thereon in the transcript or the judge's certificate to the transcript. There is simply no action taken by the court here to settle and approve the content of the affidavit for inclusion in the transcript of evidence and proceedings as required by Ind.R.App.P. 7.2(A)(3)(c). Cf. *Ruetz v. State*, (1978) 268 Ind. 42, 373 N.E.2d 152.

PRENTICE, J., concurs.