**Daniel Ray DAVIS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1083S350.

Supreme Court of Indiana.

Aug. 16, 1985.

William H. Bender, Allyn, Givens & Bender, Poseyville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial, Defendant (Appellant) was convicted of attempted murder, a class A felony, Ind.Code §§ 35–42–1–1, 35–41–5–1 (Burns 1979 Repl.), and attempted battery, a class C felony, Ind.Code §§ 35–42–2–1(3), 35–41–5–1 (Burns 1979 Repl.).

He was sentenced to concurrent terms of forty (40) years and two (2) years imprisonment. We restate the contentions he raises in this direct appeal as the following three issues:

1. Whether the trial court erred in imposing various limitations on voir dire of prospective jurors.

2. Whether the trial court erred in admitting into evidence testimony that Defendant previously had been incarcerated.

3. Whether the trial court erred in refusing to allow the jury to consider evidence that one of the victims had attempted to borrow a firearm shortly before the crimes occurred.

We find no error and affirm the judgment below.

The facts most favorable to the State revealed that Defendant attended a party the night of December 31 to January 1, 1982–83, and there met the eventual homicide victim, Miller, and Miller's companion, Howard. Eventually Defendant left the party with Miller and Howard and went to a bar. Defendant returned to the party, and Miller and Howard also eventually returned. Howard was very intoxicated by this time, and at approximately 3:00 a.m. he started a fight with Defendant. Miller attempted to separate them, or at least to suggest that they take their altercation outside the premises, when Defendant stabbed both men with a knife. Miller died of his wounds, and Howard was injured.

Defendant was charged with murder and battery. At trial Defendant claimed that he had acted in self defense. The trial court gave the jury instructions on the lesser included offenses of attempted murder and attempted battery, and the jury convicted Defendant of these crimes. Other facts relevant to specific issues are stated below.

## ISSUE I

■ Defendant contends that the trial court committed reversible error in imposing various limitations on voir dire of the jury. We do not agree.

The court allowed each counsel to submit ten (10) questions which, with additional questions from the trial judge, were asked of the entire jury venire. After twelve (12) prospective jurors were seated, the court allowed each counsel to interrogate them for twenty (20) minutes. The court then allowed counsel to exercise peremptory challenges, but stated that, under the court's rule, any juror passed at that point would be empaneled "unless some other development occurs."

Defendant claims error in the trial court's limiting examination of the prospective jurors to twenty (20) minutes, and in requiring counsel to exercise peremptory challenges or accept the jurors then seated. However, this Court has accorded trial judges substantial discretion in regulating voir dire, and specifically has approved 20-minute time limits for such purposes, especially where, as here, counsel are allowed to submit written questions which are asked by the trial judge before counsel begins questioning the prospective jurors. See, Murphy v. State (1984), Ind., 469 N.E.2d 750, 752 and authorities cited.

Defendant further argues that his opportunity to exercise peremptory challenges was unduly restricted when the trial court required both counsel to strike simultaneously after the 20-minute questioning period or to accept the prospective jurors then seated. However, this Court has held that the trial judge may impose reasonable limitations on the exercise of peremptory challenges so long as neither party is required to strike or accept the prospective jurors without having had the opportunity to consider the other party's voir dire. Here, Defendant heard the State's voir dire before being required to strike. See, McBrady v. State (1984), Ind., 459 N.E.2d 719, 722; Marsh v. State (1979), 272 Ind. 178, 179–81, 396 N.E.2d 883, 884–85; Schondel v. State (1910), 174 Ind. 734, 736–37, 93 N.E. 67, 68; McDonald v. State (1909), 172 Ind. 393, 396–401, 88 N.E. 673, 675–76; accord, Killian v. State (1984), Ind.App., 467 N.E.2d 1265, 1267–68.

Defendant relies on the Appellate Court's decision in *Veach v. McDowell* (1962), 133 Ind.App. 628, 184 N.E.2d 149. *Veach* is distinguishable in that there the trial court required the plaintiff to exercise peremptory challenges without giving her an opportunity to consider the defendant's voir dire. *Veach* is thus consistent with this Court's decisions, and does not support Defendant's position here. *See also, Marsh,* 272 Ind. at 180, 396 N.E.2d at 885. We find no error.

### ISSUE II

■ Defendant argues that the trial court erred in admitting into evidence testimony that Defendant had told the victims, Miller and Howard, that he previously had been in prison. We find no error in this case.

At the beginning of trial the court issued an order *in limine* that prevented the State from presenting evidence of Defendant's prior criminal record. Defendant subsequently based his case on self defense. To support the self-defense claim Defendant introduced testimony through one Coomes, who had been with Defendant throughout the evening of the crimes, that early in the evening Howard and Miller, in Defendant's presence, had discussed their experiences in prison together, and in particular their participation in sexual assaults and stabbings of other inmates. Defendant introduced this testimony to show that he feared these two men and that, when Howard attacked him, he reasonably believed that one or the other of them would seriously injure or kill him. During the same conversation, however, Defendant had mentioned that he also had been in prison, but he gave Howard and Miller no details concerning his experiences while so incarcerated.

After the trial court had allowed Defendant to present Coomes' testimony of the statements by Howard and Miller, the court lifted its order *in limine* and allowed the State to cross-examine Coomes concerning Defendant's statement to them that he also had been in prison. The State argued that this cross-examination would help rebut the self-defense claim by showing that Defendant, having been in prison, would be less apprehensive than persons who had not when told of Miller's and Howard's experiences while incarcerated.

Defendant objected to this cross-examination, and now claims that the trial court committed reversible error in allowing it because the evidence that Defendant had been in prison was highly prejudicial and inflammatory, and of little or no relevance in rebutting the self-defense claim. We hold that in presenting evidence of the conversation between Howard and Miller Defendant "opened the door" to the cross-examination complained of, and that the trial court did not err in concluding that the relevance of this evidence was not outweighed by its prejudicial effect, if any.

■ The State may carry its burden of meeting a self-defense contention "by rebutting the defense directly; by affirmatively showing defendant did not act in self defense; or by simply relying upon the sufficiency of its evidence in chief." *Davis v. State* (1983), Ind., 456 N.E.2d 405, 408. Moreover, our courts frequently have held in other contexts that a party may not submit evidence of part of a conversation, transaction, deposition or other evidentiary material without giving the other party an opportunity to introduce the remaining material if it is necessary to explain or illustrate the context from which the excerpted evidence was taken, or to mitigate the prejudice caused by introduction of only part of the evidence in question. *See, e.g. Drollinger v. State* (1980), 274 Ind. 99, 103–04, 409 N.E.2d 1084, 1087 (defendant's claim that officer had harassed him and signed "every other probable cause affidavit" filed against him properly rebutted by evidence of prior charges initiated when other officers had signed affidavits); *Carroll v. State* (1975), 263 Ind. 696, 701–05, 338 N.E.2d 264, 269–71 (State properly was allowed to introduce excerpts of deposition not included in evidence presented by defendant); *Epps v. State* (1963), 244 Ind. 515, 532–33, 192 N.E.2d 459, 467–68 (de-

fendant's wife's testimony that defendant was "a good family man" properly rebutted by other evidence of defendant's character); *see also State v. Ingram* (1981), Ind., 427 N.E.2d 444, 446 (where State introduced only part of loan receipt agreement, plaintiffs properly were allowed to introduce entire agreement in rebuttal); *Forth v. Forth* (1980), Ind.App., 409 N.E.2d 1107, 1112 (where one party "opened the door" to evidence of conversations with testator, opposing party properly was permitted to present other evidence of such conversations); *see generally* McCormick, *Handbook of the Law of Evidence* §§ 56, 57 (2d ed., 1972); Indiana Rules of Procedure, Trial Rule 32(A)(4) (where one party introduces part of a deposition, adverse party may require introduction of any other part which should in context be considered with part introduced).

■ As a general rule, evidence of a defendant's prior crimes is highly prejudicial and should not be admitted. *See generally, Hobbs v. State* (1984), Ind., 466 N.E.2d 729. In this case, however, the trial court properly concluded that Defendant's comment to Howard and Miller that he also had been in prison helped to illustrate for the jury the context of the victims' conversation, and was relevant to Defendant's claim of apprehension of them. We further note that the jury was told only that Defendant had been imprisoned in Alabama. There was no testimony concerning the crime or crimes for which he had been incarcerated, the length of his term or his violent behavior, if any, while in prison. Thus the prejudicial effect of the State's cross-examination of Coomes, if any, was negligible. We find no error.

### ISSUE III

■ Defendant finally argues that the trial court erred in refusing to allow the jury to consider testimony that Howard, about thirty (30) minutes before the altercation, had asked a person living in a nearby apartment for a gun. The neighbor refused. Defendant contends that this evidence demonstrated Howard's state of mind toward Defendant before the struggle. Defendant relies on *Nuss v. State*

(1975), 164 Ind.App. 396, 407, 328 N.E.2d 747, 754, where our Court of Appeals stated:

"It is further the rule that where the issue of self-defense is presented by the evidence in a homicide prosecution, evidence of the deceased's *uncommunicated* threats is admissible for the purpose of showing his intention, motive, disposition, or state of mind toward the defendant." (Citations omitted and emphasis in original).

This rule does not aid Defendant in this case, however, because there was no evidence that at the time Howard asked to borrow the gun he stated any threat toward Defendant, or did so at any other time prior to the altercation.

Defendant also argues that such evidence was relevant to the question of his apprehension as to his own safety and cites *French v. State* (1980), 273 Ind. 251, 403 N.E.2d 821. However, there was no claim or showing that, at the time of the fight, he was aware of Howard's earlier request for a gun, thus it could have had no bearing upon Defendant's state of mind.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.