Henry G. EMERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8707–CR–710.

Supreme Court of Indiana.

May 31, 1989.

Belle T. Choate, Choate Visher & Haith Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Battery, a Class C felony, for which he received five (5) years, enhanced by thirty (30) years by reason of his status as an habitual offender. He was also sentenced to Battery, a Class B misdemeanor, for which he received six (6) months, the sentences to run concurrently.

The facts are: At approximately 6:00 p.m. on July 25, 1986, Lynn Brown and his father Robert W. Brown were playing cards in Douglass Park located in Marion County, Indiana, when four men, including appellant, approached and grabbed Robert Brown from the rear and started beating him. The assailants also grabbed Lynn Brown, and appellant struck him with a stick.

During the melee, a friend of Lynn Brown handed him a knife when he saw that one of the assailants also had a knife. As Lynn Brown attempted to back away from the assailants, he stumbled and fell and dropped his knife. The assailants, including appellant, jumped on him, again struck him with sticks, and one of the assailants stabbed him with the knife. Police were summoned and apprehended the four assailants.

Appellant claims his right to a fair trial was prejudiced by improper remarks made by the prosecuting attorney. During final argument, the prosecuting attorney referred to the implication by defense counsel that Lynn Brown was not even stabbed. The prosecutor then alluded to the fact that appellant had the same power as the State to subpoena witnesses. At this point, defense counsel objected and was at first sustained by the trial court. Following argument by the prosecutor that defense counsel had raised this issue during the trial and that he was only responding thereto, the trial court permitted him to proceed with his final argument.

At another point during the prosecutor's argument, he alluded to the fact that there was "absolutely no evidence of self-defense," at which time the trial judge stopped him, admonished him to say no more in that regard and admonished the jury to disregard the prosecutor's remark. Even if we would concede for the sake of argument that the first remark by the prosecuting attorney was improper, we fail to see how it rises to the stature of reversible error. In such a situation, this Court must examine the comment of the prose-

cuting attorney and decide whether it "placed the defendant in a position of grave peril." *Riley v. State* (1981), Ind., 427 N.E.2d 1074, 1076.

In the case before us, the evidence is overwhelming that Lynn Brown in fact was stabbed in the melee. There was no serious effort to prove otherwise. The prosecutor's remark concerning a fact which was abundantly clear from the evidence in the case hardly rises to the stature of reversible error. *Id.* As to the prosecutor's remark concerning the lack of evidence of self-defense, the trial judge immediately stopped the prosecutor and admonished the jury to disregard the remark. The admonition of the trial judge to the jury was sufficient to prevent appellant from being placed in a position of grave peril. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068.

Appellant claims the evidence is insufficient to support his convictions. Appellant takes the position that Robert Brown could not positively identify him and that Lynn Brown identified him only after he had been struck and was in a daze; upon examination of this record, however, we find that both Robert Brown and Lynn Brown positively identified appellant as one of the assailants. The conditions under which the witnesses were able to identify appellant were matters clearly placed before the jury. It therefore was their prerogative to weigh this evidence and determine its credibility. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

Appellant claims the finding that he was an habitual offender is not sustained by sufficient evidence. Under this assertion, he first claims that on one of his prior convictions he had been charged with three separate crimes but had been found guilty of only one. He argues it therefore was reversible error to place in evidence the charging affidavit which disclosed crimes for which he had not been convicted.

In recent cases, this Court has held that it is not enough for the State to prove that a person has been convicted twice previously of felonies but that it must also prove the date that each of those felonies was committed in order to show the second

crime was committed after conviction for the first crime. The logical documentary evidence to establish this necessary fact is of course the charging affidavits on the prior crimes.

In the habitual offender phase of a trial, the jury is not passing on appellant's guilt or innocence but upon the documentary facts as to whether he has been convicted twice previously of felonies and that the second felony was committed after his conviction on the first felony. Under the circumstances, it cannot be said that any additional charges which may be shown on the information would have a prejudicial effect upon the jury. We see no reversible error in this regard.

Appellant also claims there is error in the fact that on one of his convictions it is shown that he was on probation at the time the crime was committed. Again, we see no prejudicial error. *Golden v. State* (1985), Ind., 485 N.E.2d 51.

Appellant claims the trial court erred when it refused to give his Tendered Instructions Nos. 1 and 2. Appellant's Tendered Instruction No. 1 was on aiding and abetting in the commission of a crime. It would have instructed the jury that another person committed the crime and that they would have to find that appellant aided and abetted the person or persons committing the crime before he could be found guilty. Such an instruction would be contrary to the manner in which appellant was charged. He was not charged with aiding and abetting but was charged as a principal in the commission of the crime. There was no evidence in the case at bar which would justify the giving of appellant's Tendered Instruction No. 1. *Smith v. State* (1984), Ind., 468 N.E.2d 512.

Appellant's Tendered Instruction No. 2 was on self-defense. Appellant takes the position that since one of Lynn Brown's friends handed him a knife after the attack began, he was entitled to a self-defense instruction. However, the facts in this case clearly establish that the attack had been commenced and Lynn Brown had been struck with a stick prior to his obtain-

ing a knife. The evidence also shows that even after receiving the knife, Lynn Brown continued to retreat from the melee and in doing so he stumbled and fell and dropped his knife without ever having used it and that the attackers, including appellant, jumped on him while he was on the ground where he was hit, kicked, and stabbed. The evidence in this case does not justify the giving of a self-defense instruction. *Id.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.