**Rollin M. PHILLIPS, Jr.,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 26A01–0308–CR–280.

Court of Appeals of Indiana.

May 24, 2004.

---

John P. Brinson, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Following a jury trial, Appellant Rollin M. Phillips, Jr. was convicted of two counts of Dealing in a Controlled Substance (Methamphetamine) as a Class B felony and one count of Dealing in Marijuana as a Class A misdemeanor. Upon appeal, Phillips presents three issues for our review, one of which we find dispositive: whether the trial court erred in denying Phillips's request to use peremptory challenges on two veniremen after Phillips had indicated that he was "passing the jury" to the State but before hearing the State's voir dire of these veniremen.

We reverse and remand.

The relevant facts reveal that, after using all of his allotted twenty-minute voir dire time, Phillips moved to excuse three veniremen for cause. When the trial court denied these requests, Phillips used three of his peremptory challenges to excuse those veniremen. As these three were being replaced, Phillips's counsel told the trial court, "Your Honor, we'll pass." Transcript at 80. The State then voir dired and excused one of the three newly-seated veniremen. Another venireman replaced the one excused by the State, and the State voir dired this replacement. The prosecutor then said, "The State would pass the jury Your Honor." Tr. at 84.

Phillips attempted to strike one of the replacement veniremen who had been seated as a result of his own peremptory challenges. The trial court denied the use of the peremptory strike, explaining to Phillips's counsel that by "passing" the jury, he had indicated his acceptance of those veniremen. Phillips's counsel explained to the trial court that such was not his intention when he "passed" the jury. Tr. at 85. The trial court explained to Phillips's counsel his procedure on voir dire and refused to remove any of the veniremen which Phillips had "passed." Tr. at 85. The trial court did, however, permit Phillips to exercise his peremptory challenges on the replacement venireman who had been seated as a result of the State's exercise of a peremptory challenge. Phillips asked to approach the bench in order to make a motion, which the trial court denied. At that point Phillips moved for a mistrial, which was also denied. Phillips then exercised his remaining seven peremptory challenges on those veniremen called to fill the one remaining vacancy on the jury.[1]

**1.** It would appear that Phillips exhausted his ten peremptory challenges under the supposition that he could not otherwise claim reversible error in the trial court's refusal to permit

Phillips now claims that the trial court forced him to exercise his remaining peremptory challenges upon the veniremen called to fill the vacancies created by his earlier use of peremptory challenges without being allowed to hear the State's voir dire of these veniremen. A trial court may impose reasonable limitations on the exercise of peremptory challenges so long as neither party is required to strike or accept the prospective jurors without having had the opportunity to consider the other party's voir dire. *Fox v. State,* 717 N.E.2d 957, 962 (Ind.Ct.App.1999) (citing *Davis v. State,* 481 N.E.2d 387, 388 (Ind. 1985)).[2]

The State argues that Phillips was not required to either strike or accept the empanelled jurors before the State had the opportunity to voir dire the veniremen called to replace those excused by Phillips. The State writes, "Defendant would have had the opportunity to exercise peremptory challenges to [the veniremen] following the State's voir dire of these two jurors, but Defendant waived that opportunity when he passed the jury before hearing the State's voir dire." Appellee's Brief at 9. Thus, the State claims that, had he not "passed" the jury, Phillips would have been allowed to exercise peremptory challenges after hearing the State's voir dire.

The trial court's order on voir dire explained its policy on peremptory challenges as follows:

"Peremptory challenges may be made at any time according to good courtroom etiquette. At the conclusion of inquiry by each side, prior to passing the jury to opposing counsel, peremptory challenges shall be exercised. Jurors then seated are to be deemed accepted if not challenged. *The reason for this rule is to prevent one side being placed in the situation where it is using voir dire time[,] which is limited by the court[,] on a prospective juror which the other side has already passed, but actually intends to strike later.* The court will grant relief from this requirement, liberally, as justice requires." Appendix at 39–40 (emphasis supplied).

Phillips reads this order, and the trial court's rulings at voir dire, to mean that at the conclusion of his voir dire, he was required to either challenge or accept the jury as then seated before the State conducted voir dire upon the veniremen selected to replace those excused by Phillips. We are inclined to agree.

Indeed, the second to last sentence of the above-quoted portion of the order makes no sense otherwise. If the order is read to mean that one party may wait until the other party is finished with its voir dire before the first party must exercise its peremptory challenges, then the trial court's reason for the rule is meaningless. The trial court may very well wish to prevent parties from waiting until the other side has used its voir dire time to exercise its peremptory challenges. This, however, goes against the rule as stated in *Fox, supra,* that a trial court may not require a party to strike or accept the prospective jurors without having had the opportunity to consider the other party's voir dire.

Both the trial court and the State focus on the fact that Phillips "passed" the jury after the seating of the three veniremen who replaced those peremptorily excused by Phillips. The trial court interpreted Phillips's "passing" of the jury to mean

---

the earlier attempt to peremptorily strike a venireman.

**2.** The *Davis* decision has been superceded by rule upon other grounds as stated in *Brown v. State,* 728 N.E.2d 876 (Ind.2000).

that he accepted the jury as then seated. However, the State had not yet voir dired the newly-seated veniremen, and Phillips had the right to listen to the State's voir dire before exercising his peremptory challenges.

We therefore conclude that the trial court erred in so restricting Phillips's exercise of his peremptory challenges. *See Veach v. McDowell,* 133 Ind.App. 628, 184 N.E.2d 149 (1962) (requiring plaintiff to exercise all peremptory challenges when he first examined the jurors, under penalty of losing unused challenges if defendant accepted the jury as passed to him, held not to afford reasonable opportunity to challenge peremptorily); *Davis,* 481 N.E.2d at 388 (no error in denying peremptory challenge to juror where defendant had heard the State's voir dire before being required to strike); *Marsh v. State,* 272 Ind. 178, 396 N.E.2d 883 (1979) (it was reasonable for the trial court to require the defendant to exercise peremptory challenge immediately after having heard the examination of the prospective juror by the State); *Kranda v. Houser–Norborg Med. Corp.,* 419 N.E.2d 1024 (Ind.Ct.App. 1981) (local trial rule which permitted counsel to examine jury panel once without "passing" and where each counsel reserved peremptory challenges until all sides had examined panel once was not improper because when a party was required to exercise challenges, he had heard the examination of his opponent and had the opportunity to conduct his own examination).

 Our holding requires reversal of Phillips's convictions and remand for a new trial. *See Veach,* 133 Ind.App. at 632–34, 184 N.E.2d at 151–52 (reversing and remanding for new trial where court erroneously restricted peremptory challenges); *Everly v. State,* 271 Ind. 687, 395 N.E.2d 254 (1979) (reversing and remanding for

new trial where trial court erred in prohibiting defendant from asking voir dire questions regarding self defense); *Wasy v. State,* 234 Ind. 52, 123 N.E.2d 462 (1955) (reversing and remanding for new trial where trial court erred in restricting scope of voir dire questions as to the religious faith of prospective juror). *But cf. Logan v. State,* 729 N.E.2d 125 (Ind.2000) (decisions of trial court in regulating voir dire are reviewed for manifest abuse of discretion and denial of a fair trial, which will usually require a showing by the defendant that he was in some way prejudiced by the voir dire).

The judgment of the trial court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

ROBB, J., and HOFFMAN, Sr.J., concur.