Kenneth L. BROOKS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02S00–9511–CR–1306.

Supreme Court of Indiana.

July 24, 1997.

2. Did the trial court err by excluding evidence of the victim's prior bad acts?
3. Was the evidence sufficient to support the murder conviction in light of Brooks' self-defense claim?

We affirm.

### Factual and Procedural Background

The facts most favorable to the verdict reveal that on February 2, 1995, Eddie Jackson, the victim in this case, and Ramona Scott were at a bar in Fort Wayne. Jackson attempted to break up an argument between Tommy Jones and some other men who were playing pool. Jones then called the defendant Brooks to come to the bar, which Brooks and another friend did. As Jackson and Scott left the bar and were walking across the street, Brooks approached the couple. Some words were exchanged and Brooks shot Jackson in the head. As Jackson fell, Brooks shot him again in the chest. A jury convicted Brooks of murder. This appeal ensued.

### I. Motion to Suppress

■ Brooks first argues that the trial court erred by denying his motion to suppress a videotaped statement he gave to the police two days after the incident. Brooks claims he was so intoxicated at the time of his statement that the statement could not be considered voluntary and was therefore not admissible. The State bears the burden of proving beyond a reasonable doubt that a statement was voluntarily given. *Gregory v. State*, 540 N.E.2d 585, 592 (Ind.1989). In determining whether a statement is voluntarily given, we look to the totality of the circumstances in order to determine whether there was any inducement in the form of violence, threats, promises or improper influences. *Id.*

■ This Court has long held that a confession may be given knowingly, intelligently and voluntarily, notwithstanding voluntary intoxication as a result of alcohol, drugs or a combination of both. *Wilcoxen v. State*, 619 N.E.2d 574, 577 (Ind.1993) (alcohol); *Thomas v. State*, 443 N.E.2d 1197, 1199 (Ind.1983) (cocaine and marijuana); *Bean v. State*, 267 Ind. 528, 531–33, 371 N.E.2d 713, 715 (1978)

Randall J. Hammond, Fort Wayne, for Appellant–Defendant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

BOEHM, Justice.

A jury convicted Kenneth L. Brooks of murder. He was sentenced to sixty years imprisonment. Brooks raises three issues on appeal which we restate as follows:

1. Did the trial court err by denying Brooks' motion to suppress his videotaped statement to the police?

(alcohol and marijuana). A defendant's statement will be deemed incompetent only when he is so intoxicated that it renders him not conscious of what he is doing or produces a state of mania. *Lambert v. State*, 643 N.E.2d 349, 353 (Ind.1994), *sentence aff'd. on reh'g*, 675 N.E.2d 1060 (Ind.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 2417, 138 L.Ed.2d 181 (1997). Intoxication to a lesser degree, goes only the weight to be given to the statement and not its admissibility. *Id.*

■ In this case, Brooks testified that he had consumed alcohol and smoked marijuana beginning at 11 a.m. on the day the police officers questioned him.[1] However, even where the evidence is uncontradicted that a defendant was under the influence of some substance at the time of police interrogation, other evidence may be sufficient to prove that a resulting statement was made voluntarily. *Houchin v. State*, 581 N.E.2d 1228, 1232 (Ind.1991). Before giving the statement, Detective Frederick Rogers read Brooks his *Miranda* rights and Brooks signed an "Advice of Rights" form. Brooks, with his mother present, told the detective he did not need an attorney. Although no drug or alcohol tests were given, Detective Rogers did not detect that Brooks had used any kind of drugs or alcohol.[2] At trial, the detective specifically testified that Brooks "did not smell strongly of alcohol, his eyes were not red, his speech was not slurred and he did not stagger on his feet, he appeared to be sober." The trial court found that the video tape "shows that the Defendant appears to be relaxed and alert, that he shows no signs of intoxication and that his answers to questions of Detective Rogers were responsive to the questions asked." The evidence supports

the trial court's finding. Accordingly, the trial court did not err in determining that the statement was given voluntarily.

## II. Exclusion of Victim's Prior Bad Acts

■ The trial court did not allow Brooks to introduce testimony that the victim had been charged with two counts of battery in 1992, one of which resulted in a conviction. Brooks argues that this testimony of Jackson's violent propensities would have supported his claim that Jackson was the initial aggressor in the confrontation.

■ The general rule is that evidence of a person's character is not admissible to prove action in conformity therewith on a particular occasion. Ind. Evidence Rule 404(a). An exception to this rule is that a defendant is permitted to introduce "evidence of a pertinent trait of character of the victim of the crime." Evid.R. 404(a)(2). The victim's reputation for violence is pertinent to a claim of self-defense. *Johnson v. State*, 671 N.E.2d 1203, 1208 (Ind.Ct.App.1996), *trans. denied; see also United States v. Keiser*, 57 F.3d 847, 855 (9th Cir.1995), *cert. denied*, 516 U.S. ——, 116 S.Ct. 676, 133 L.Ed.2d 525 (victim's violent nature is relevant to defendant's theory of self-defense).

■ Indiana Evidence Rule 405 permits proof of the violent character of the victim by reputation or opinion testimony.[3] In this case, however, Brooks did not seek to introduce reputation or opinion testimony. Instead, he attempted to introduce direct testimony of two specific prior batteries to show Jackson's violent propensities. Evidence of specific incidents is permissible only on

---

1. The videotape reveals that Brooks was questioned at 5:37 p.m. It is unclear from the record exactly what time the officers came in contact with Brooks, but the record reveals that some time elapsed because the officers took Brooks to see his child in the hospital before taking him to the police station where he gave his statement.

2. Even where a defendant tests high in blood alcohol content his statement may be admissible if the defendant is able to talk clearly and understand what he is saying. *Lambert*, 643 N.E.2d at 353; *Gregory*, 540 N.E.2d at 592–93.

3. *See, e.g., Keiser*, 57 F.3d at 855 (victim character evidence introduced to support a claim of self-defense should be limited to reputation or opinion evidence); *United States v. Talamante*, 981 F.2d 1153, 1155–56 (10th Cir.1992), *cert. denied*, 507 U.S. 1041, 113 S.Ct. 1876, 123 L.Ed.2d 494 (1993) (testimony describing specific instances of the victim's conduct as opposed to reputation or opinion evidence was not admissible under Federal Evidence Rule 404(a)(2) to prove that the victim acted in conformity with the conduct).

cross-examination of a character witness[4] pursuant to Rule 405(a), or when character "is an essential element of a charge, claim, or defense" pursuant to Rule 405(b). Neither situation is presented here. In an offer to prove, defense counsel stated that he proposed to call the witness to testify about the incidents, not that he intended to cross-examine a character or opinion witness. Nor was the victim's character an essential element of Brooks' claim of self-defense. Whether or not Jackson had violent propensities, the jury could still determine that Brooks did not act in self-defense. *See Keiser,* 57 F.3d at 857 (self-defense claim neither rises nor falls on defendant's success in proving victim's penchant for violent outbursts). The trial court did not err in excluding evidence of specific instances of the victim's conduct.

### III. Sufficiency of the Evidence

Brooks argues his conviction for murder is not supported by sufficient evidence because the evidence supports his claim of self-defense. A claim of self-defense in a homicide prosecution requires, among other things, that the defendant did not provoke, instigate or participate willingly in the violence, and that the defendant had a reasonable fear of death or great bodily harm. *See Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh'g denied; see also* IND.CODE § 35–41–3–2 (1993). When a claim of self-defense is raised, the State must disprove at least one of the elements of self-defense beyond a reasonable doubt. *Jordan,* 656 N.E.2d at 817. Whether a defendant acted in self-defense is generally a question of fact for the jury. *Id.* at 818.

In this case, substantial evidence demonstrated that Brooks participated willingly in the violence. Just moments before the shooting, Brooks told Jones in reference to Jackson, "I'll get him, I'll smoke him." According to Brooks' own testimony, he ap-

proached Jackson, armed with a gun, and "asked him what was the problem between him and Tommy Jones." Additionally, evidence was presented that Brooks lacked a reasonable fear of harm when he shot Jackson. Brooks claims he shot Jackson because he thought that Jackson was going for a gun. However, no one at the scene testified that they saw Jackson with a gun. Scott testified that Brooks walked up, "put the gun to the back of [Jackson's] head and shot him." She and other witnesses testified that Brooks shot Jackson two times—in the head and, as he fell, in the chest. According to a pathologist's testimony, the shot to the chest was the fatal wound. From this evidence, it was reasonable for the jury to conclude either that Brooks was a willing participant or that he lacked a reasonable belief that he was in danger of death or great bodily harm. The State produced sufficient evidence, if believed, to negate beyond a reasonable doubt each of these elements of Brooks' self-defense claim. In sum, Brooks' contention is merely a request to reweigh the evidence and our standard of review precludes such an inquiry. *See Isaacs v. State,* 673 N.E.2d 757, 764 (Ind.1996) (in reviewing sufficiency claims, we do not reweigh the evidence or judge the credibility of witnesses). We find no error here.

### Conclusion

Kenneth L. Brooks' conviction for murder is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

**4.** Brooks proposed calling "Rosemary Scott" to testify regarding Jackson's alleged prior batteries. It is unclear from the record whether Rosemary Scott is actually Ramona Scott who was with Jackson on the night of the shooting and testified as a prosecution witness to those events. Whether this was one or two persons is irrelevant for this purpose because the prosecution witness offered no character reputation or opinion testimony. As a result, she could not be cross-examined as to specific acts. If the proffered Scott was a different person, she was called by the defense and equally disabled by Rule 405(a) from direct examination as to specific acts. *See* 12 R. MILLER, INDIANA PRACTICE § 405.104 at 466 (2d ed.1995).