**Macs Y. BELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–0403–CR–145.

Court of Appeals of Indiana.

Jan. 20, 2005.

Jeffrey G. Raff, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Macs Y. Bell ("Defendant") appeals from his convictions after a jury trial of two counts of child molesting, Class A felonies, Ind.Code § 35–42–4–3, and one count of child molesting, a Class C felony, Ind.Code § 35–42–4–3.

We affirm.

### ISSUES

Defendant raises the following issues for our review:

I.   Whether the trial court properly excluded specific character trait evidence; and

II.   Whether the trial court erred by giving an instruction required by statute.

### FACTS AND PROCEDURAL HISTORY

C.H., the victim, lived with her mother, father, and brother in Fort Wayne, and would visit her maternal grandmother on occasion at her home in Allen County. Defendant, C.H.'s uncle, lived with his mother, C.H.'s maternal grandmother.

C.H., who was eleven years old at the time of trial, testified that the first molestation involved Defendant touching her vagina externally and internally with his fingers and with his mouth after he pulled her pants down. That incident occurred inside a tool shed in the yard outside C.H.'s grandmother's house.

C.H. testified that another incident occurred while the family was at a lake. C.H. stated that the Defendant pulled her swimsuit down while they were in the water and touched her vagina. C.H. testified that the Defendant told her that no one would believe her if she said anything about the incidents.

C.H. testified that on another occasion when she was sleeping on the couch at her grandmother's house, she awoke to find Defendant touching her vaginal area both externally and internally with his fingers.

■ Ultimately, C.H. told her mother about the incidents. C.H.'s mother then contacted the police. Defendant was charged with two counts of child molesting, Class A felonies, and one count of child molesting, a Class C felony. The jury returned guilty verdicts on all three counts at the conclusion of Defendant's trial. The trial court sentenced Defendant to thirty years each for the Class A felonies, to be served concurrently. The trial court sentenced Defendant to a period of four years for the Class C felony, to be served consecutively to the first Class A felony sentence.[1]

## DISCUSSION AND DECISION

### I. EXCLUSION OF EVIDENCE

■ The standard of review for admissibility of evidence issues is whether the trial court's decision resulted in an abuse of its discretion. *Allen v. State*, 813 N.E.2d 349, 361 (Ind.Ct.App.2004). The decision whether to admit evidence will not be reversed absent a showing of manifest abuse of a trial court's discretion resulting in the denial of a fair trial. *Id.* Generally, errors in the admission or exclusion of evidence are to be disregarded as harmless unless they affect the substantial rights of a party. *Id.* In determining whether an evidentiary ruling affected a party's substantial rights, the court assesses the probable impact of the evidence on the trier of fact. *Id.*

Defendant alleges that the trial court abused its discretion by limiting his presentation of evidence of a specific character trait possessed by C.H., namely her alleged assertiveness. Defendant's offer of proof was made during his direct examination of Bradley Rigg, who is Defendant's brother, and C.H.'s uncle. Defendant attempted to elicit testimony from Rigg about a specific instance where C.H. had dug her nails into his arm and screamed in response to being "picked on." The objection to the evidence was sustained. Later during Rigg's testimony, Defendant questioned Rigg about his observations of C.H. in situations that displeased her and whether she acted in a similar fashion in those situations. Defendant also questioned Rigg about whether C.H. had a temper, or if he had observed her to be physically aggressive towards others. Those questions were objected to and excluded.

During Sandra Rigg's direct examination, Defendant asked her if C.H. had a temper, or if she cried a lot. Objections to those questions were sustained. During Defendant's cross-examination of C.H.'s

---

1. Although Defendant does not raise a *Blakely* argument regarding his sentencing, we have examined his sentence in that regard. *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied*. *Blakely* is not implicated because Defendant received the presumptive sentence for each of the felonies for which he was convicted. *See* *Ruiz v. State*, 818 N.E.2d 927, 928 (Ind.2004); *Williams v. State*, 818 N.E.2d 970, 975 (Ind. Ct.App.2004). Further, we have held that the holding in *Blakely* is not implicated in situations involving consecutive sentences. *See* *Cowens v. State*, 817 N.E.2d 255 (Ind.Ct.App. 2004).

brother, Defendant asked if C.H. had ever told him that she hated him, how often she had told him that, and if she had said that to anyone else. The trial court allowed the questions and the answers.

Defendant contends that the trial court abused its discretion by excluding the evidence. He claims that he was denied the opportunity to present evidence allowable under Ind. Evidence Rule 404(a)(2).

Evid. Rule 404 provides as follows:

(a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion except:

(2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor.

Evid. Rule 405 permits evidence of a trait of character of a person by reputation or opinion testimony. All of this is subject to Evid. Rule 402 which requires the evidence to be relevant in order to be admissible.

Defendant claims that the evidence of C.H.'s alleged assertiveness was relevant to the case. He contends that evidence of her assertiveness on other occasions would support his argument that the molestations did not occur, because she would have asserted herself by telling someone about the incidents right away, or would have behaved against Defendant in an aggressive manner. This use of the evidence is precisely what is prohibited by Evid. Rules 404 and 405.

In *Brooks v. State,* 683 N.E.2d 574, 576 (Ind.1997), our supreme court re-empha-sized that Evid. Rule 405 permits evidence of a character trait of the victim if it is established by reputation or opinion testimony. In *Brooks,* the supreme court found that the trial court did not err by excluding evidence of the victim's character trait because that defendant attempted to establish that evidence by direct testimony relating to two specific prior incidents illustrating that character trait. *Id.* The evidence was properly excluded because it was not reputation or opinion testimony. *Id.* Our supreme court stated as follows:

Evidence of specific incidents is permissible only on cross-examination of a character witness pursuant to Rule 405(a), or when character is an essential element of a charge, claim, or defense pursuant to Rule 405(b).

*Id.* at 576–577.

The same result should obtain in the instant case. Instead of presenting evidence of C.H.'s reputation or presenting opinion testimony, Defendant attempted to present direct testimony of specific instances of C.H.'s conduct to illustrate her behavior in situations when she was upset. He attempted to exonerate himself by introducing evidence of the absence of that kind of conduct after the molestations occurred. His argument is that C.H. was assertive when she was upset on other specific occasions. The molestations would have been upsetting. Therefore, he reasons, because C.H. did not immediately tell someone or assert herself, then the molestations did not occur. This type of evidence is not allowed by our evidentiary rules.

Furthermore, the specific instances would not have come in through cross-examination of character witnesses, and character was not an essential element of a charge, claim, or defense. The trial court

correctly limited the Defendant's presentation of that evidence.

## II. INSTRUCTION

Defendant contends that the trial court erred by giving an instruction regarding the videotaped statement of the victim. Defendant does not challenge the statute that authorizes the giving of the instruction, but rather, the fairness to Defendant of giving the instruction.

■ The standard of review of a challenge to the trial court's decision to give or refuse an instruction requires a court on review to consider (1) whether the instruction correctly states the law, (2) whether there is evidence in the record to support giving the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions which were given. *See Springer v. State*, 798 N.E.2d 431, 433 (Ind.2003).

At trial, the State offered a videotaped statement made by C.H. into evidence. The videotape was admitted without objection. The trial court gave the following instruction in reference to that videotape:

A statement or videotape of C.H. has been admitted into evidence. It is for you to determine the weight and credit to be given the statement or videotape and, in making that determination, you shall consider the following: (1) the mental and physical age of C.H., (2) the nature of the statement or videotape, (3) the circumstances under which the statement or videotape was made, and (4) other relevant factors.

Appellant's App. p. 34.

Defendant objected to the giving of the instruction as follows:

As to that particular instruction, my comment of objection would be this.

Even though it's a statute, there's case law indicating that there should not be an undue emphasis on any particular aspect of the case. And I have referenced before the uncorroborated testimony of a victim and so forth and so on, that line of cases. This does the same thing. I don't care it it's statutory or not, the case law says it's prejudicial and it shouldn't be given, so it seems to me that the statute is in conflict with the case law and it would be error for the court to give this, because it just focuses the jury's attention on one small aspect of a day and a half worth of testimony. There's my argument on that. I wish I had that case.

Tr. 378. The trial court overruled the objection and gave the instruction relying on Ind.Code § 35–37–4–6(g) for its decision.

Ind.Code § 35–37–4–6(g)[2] provides as follows:

If a statement or videotape is admitted in evidence under this section, the court shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement or videotape and that, in making that determination, the jury shall consider the following:

(1) The mental and physical age of the person making the statement or videotape.

(2) The nature of the statement or videotape.

(3) The circumstances under which the statement or videotape was made.

(4) Other relevant factors.

Again, Defendant acknowledges the statutory authority for giving the instruction. In fact the statute provides that the trial court "shall instruct the jury." However, Defendant argues that giving the instruction is unfair because it causes the jury to

---

**2.** The language of this subsection is now codified in Ind.Code § 35–37–4–6(h).

focus on the victim's statement over other evidence. Defendant likens the effect of giving the instruction to the error addressed in *Ludy v. State*, 784 N.E.2d 459 (Ind.2003). We disagree with Defendant's argument here.

The instruction at issue in *Ludy* was the instruction authorizing the jury to convict a defendant solely on the uncorroborated testimony of the alleged victim. 784 N.E.2d at 462. The instruction was improper because it allowed the jury to convict a defendant without considering all of the evidence. Further, it commented on the weight to be given to the testimony of a single witness. *Id.* at 461.

■ In the present case, the instruction does not assign the weight or credibility to be given to the victim's statement. Rather, the instruction outlines the evaluative process in which the jury must engage when determining the weight and credit to be given to the statement. Unlike the instruction in *Ludy*, the instruction here does not decide for the jury the weight to be given to a certain witness' testimony.

The instruction tracks the language of the statute. Therefore, it is a correct statement of the law. C.H.'s videotaped statement was introduced into evidence at trial. There was no other instruction covering the substance of the instruction at issue. The trial court did not err by giving the instruction mandated by statute.

### CONCLUSION

The trial court did not err by limiting the Defendant's attempt to introduce direct evidence of specific instances of conduct on the part of the victim. Second, the trial court did not err by giving the instruction regarding the videotaped statement of the victim. The instruction, which is required by statute to be given, does not

invade the province of the jury as did the instruction in *Ludy*.

Affirmed.

ROBB, J., and BAKER, J., concur.