**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 17 2012, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Marion County Public Defender Agency
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGE POWELLS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-255 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol J. Orbison, Judge
The Honorable Anne Flannelly, Commissioner
Cause No. 49G22-1105-FC-34769

**October 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

George Powells appeals his conviction and sentence for battery as a class C felony. Powells raises two issues, which we revise and restate as:

    I.      Whether the court abused its discretion in excluding certain evidence; and

    II.     Whether his sentence is inappropriate.

We affirm.

The relevant facts follow. Stashia Parson had dated Powells for four years, and their relationship ended in February or March of 2011. Parson started dating Jeffrey Hayes and their relationship became more serious in the week prior to May 13, 2011.

At approximately 6:15 a.m. on May 13, 2011, Hayes walked Parson to his car which was parked in front of Parson's apartment to take her to work. Hayes opened the passenger door for Parson, and, as Hayes walked around to the driver's side of his vehicle, Powells pulled his vehicle up to within about two feet of Hayes's vehicle and stated "how you doing, buddy" and "you don't remember me." Transcript at 82. Hayes responded that he did not remember Powells, and Powells said "I'm George" and "you disrespected me." Id. at 83. Hayes stated that he was on his way to work and attempted to enter his car. Powells then pulled his vehicle up next to Hayes's car in such a manner so as to block Hayes from leaving. Powells exited his vehicle, walked around to the passenger side of his vehicle, reached into the passenger seat area, and pulled out a steel or iron pipe which was about one and one-half to two feet in length and about one inch thick. Powells started to approach Hayes with the pipe, Hayes threw his hands up to defend himself, and Powells struck Hayes on the head. Hayes turned to run down the

2

sidewalk, Powells chased Hayes down the street, Hayes turned around to stop Powells from hitting him, and both men fell to the ground. Powells continued to strike Hayes with the pipe on Hayes's head, arm, and knee, and Hayes attempted to block the blows. Powells eventually stood up and struck Hayes one more time. Powells then stated "are you going to shoot me now?" Id. at 88. Powells walked away from Hayes and, as he walked past Parson, stated "Now go get your bitch-ass friend off the ground." Id. at 122. Powells entered his vehicle and drove away, and Parson called the police. Hayes felt blood running down from his head and his blood was on the sidewalk and grass. Hayes sustained a number of injuries, including to his left arm, the left side of his face, his left eye which had swollen shut, the top of his head, his left knee, and his right calf.

On May 18, 2011, the State charged Powells with battery as a class C felony. A jury trial was held on February 23, 2012. Prior to the start of trial on that day, the State filed a motion in limine requesting that the court exclude any evidence that Hayes allegedly threatened to kill Powells several months before the charged crime, and the court granted the State's motion. In addition, prior to the start of trial, Powells filed a motion in limine requesting that the court exclude any evidence of his prior convictions or arrests and any evidence that Hayes made statements in his recorded statement given to police officers that he thought Powells was trying to kill him, and the court granted Powells's requests. During the jury trial, Powells made an offer of proof regarding Hayes's alleged threat addressed in the State's motion in limine. Following arguments by the parties, the court denied Powells's request that evidence of the alleged threat be admitted. The jury found Powells guilty as charged.

3

At sentencing, the court found the nature and circumstances of the offense, the fact that Powells had repeated contact with the criminal justice system for thirty-four years, and his prior convictions to be aggravating factors, and the court found that Powells's suggested mitigating factors that he would respond affirmatively to probation and was willing to make restitution should be given little weight. The court also noted that it would not consider the prior causes of battery and murder charges for which Powells had been found not guilty. The court sentenced Powells to eight years to be served in the Department of Correction.

I.

The first issue is whether the court abused its discretion in excluding evidence of Hayes's alleged threat. Generally, we review the trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. Roche v. State, 690 N.E.2d 1115, 1134 (Ind. 1997), reh'g denied. We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. Joyner v. State, 678 N.E.2d 386, 390 (Ind. 1997), reh'g denied. "Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." Fleener v. State, 656 N.E.2d 1140, 1141 (Ind. 1995) (citations omitted).

Powells argues that the court abused its discretion in excluding evidence of his claim of self-defense. Specifically, Powells asserts that Hayes had previously threatened to kill him and that evidence of the threat supported his claim of self-defense. Powells argues that the court sustained the State's motion in limine to exclude the evidence of Hayes's threats "apparently on the basis that the threats were remote in time from the

date of the alleged offense" and that "[t]his ruling is not grounded in logic because there is no reason why a threat made two months before would pose any less a threat, or why it would have any less impact on a defendant's state of mind, than one made the day before." Appellant's Brief at 9.

Self-defense requires reasonable apprehension of harm by the defendant. Brand v. State, 766 N.E.2d 772, 780 (Ind. Ct. App. 2002), reh'g denied, trans. denied. When a defendant claims that he acted in self-defense, evidence legitimately tending to support his theory is admissible. Id. Evidence of the victim's character may be admitted to show that the victim had a violent character giving the defendant reason to fear him. Id. (citing Holder v. State, 571 N.E.2d 1250, 1254 (Ind. 1991)). The victim's reputation for violence is pertinent to a claim of self-defense. Id. (citing Brooks v. State, 683 N.E.2d 574, 576 (Ind. 1997)). The victim's "reputed character, propensity for violence, prior threats and acts, if known by the defendant, may be relevant to the issue of whether a defendant had fear of the victim prior to utilizing deadly force against him" and "a defendant is entitled to support his claim of self-defense by introducing evidence of matters that would make his fear of the victim reasonable." Id. "However, the evidence introduced by a defendant to show his apprehension of the victim must imply a propensity for violence on the part of the victim." Id. (citing Davis v. State, 481 N.E.2d 387, 390 (Ind. 1985)). However, importantly, before such evidence may be admitted, the defendant must first introduce "appreciable evidence of the victim's aggression to substantiate the claim of self-defense." Id. (citing Holder, 571 N.E.2d at 1254) ("If the defendant wishes to introduce either type of character evidence, [the defendant] must first

5

introduce appreciable evidence of the victim's aggression to substantiate the self-defense claim")).

Here, prior to the start of trial the State filed a motion in limine requesting that the court exclude any evidence that Hayes allegedly threatened to kill Powells several months before the charged crime, Powells argued that the evidence was relevant to his claim of self-defense, the State argued that the evidence did not constitute appreciable evidence of self-defense, and the court granted the State's motion. At trial, Powells made an offer of proof related to the court's ruling. Powells's counsel argued that, based on deposition testimony and in a statement given to police by Hayes, Hayes "appeared at [] Powells' residence sometime between . . . late February to May at some point, that he showed up at . . . Powells' house, to speak to [] Parson" and that "[t]he evidence would show that at that time [] Hayes and [] Powells had a verbal argument and that during that time there were things said back and forth that were – that [] Hayes, I don't think would be testifying to in terms of the specific threats made, but I believe that there were threats made to [] Powells from [] Hayes." Transcript at 35. The court asked "[a]nd what were those threats," and defense counsel responded "I will kill you." Id. The court asked "And this happened on one occasion sometime between late February and May?" and the prosecutor responded "Hayes would testify that this happened somewhere actually around – somewhere March or April, that time frame, one occasion" and "[h]e would not be testifying that he threatened to kill anybody." Id. at 35-36. Powells's counsel argued "[t]hat's the part that is vague in terms of what [] Hayes would say," "[b]ut to go a little further, [] Hayes was not invited to [] Powells' residence" and "[h]e showed up

6

unannounced and had – somehow had knowledge of [] Powells's residence address." Id. at 36.

The prosecutor argued that Powells was unable to show that the testimony regarding Hayes's alleged threat constituted appreciable evidence of self-defense. Powells argued that excluding testimony of the specific event which led to Powells's state of mind of being in fear or in real or apparent danger in essence prevented him from presenting his self-defense claim. The court then stated: "The date of this alleged incident is May 13, 2011, and the State is indicating that the alleged victim was at the defendant's residence on one occasion in March or April" and that "the Court denies the defendant's request to reconsider the State's motion in limine." Id. at 38.

According to the argument of Powells's counsel, the evidence or testimony which Powells sought to introduce related to an alleged threat by Hayes that he would kill Powells. The State indicated that the argument during which Powells asserted that the threat was made occurred in March or April 2011 and that Hayes would not testify that he threatened to kill Powells. The record does not reveal appreciable evidence of Hayes's aggression to substantiate the claim of self defense on May 13, 2011. Under the circumstances, we cannot say that the court abused its discretion in excluding the testimony regarding Hayes's alleged previous statement or that the exclusion deprived Powells of due process of law. See Holder, 571 N.E.2d at 1254 (providing that "[i]f the defendant wishes to introduce either type of character evidence, [the defendant] must first introduce appreciable evidence of the victim's aggression to substantiate the self-defense claim" and concluding that the exclusion of testimony regarding the victim's character

7

did not deprive the defendant of the due process of law); <u>see</u> <u>also</u> <u>Brooks</u>, 683 N.E.2d at 576-577 (holding that the trial court did not err in excluding evidence of specific instances of the victim's conduct).

II.

The next issue is whether Powells's sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. <u>Childress v. State</u>, 848 N.E.2d 1073, 1080 (Ind. 2006).

Powells argues that the maximum sentence imposed by the court was not appropriate, that there was nothing about the crime committed that would justify a sentence beyond the advisory sentence, and that his criminal history and general character provide no basis for imposing the maximum sentence. Powells further argues that his criminal activity consists of five misdemeanor convictions for relatively minor offenses, that although a record of arrests may be properly considered the information must be placed in the proper context, that it was not clear how the court considered the cases for which no charges were filed or for which the charges were dismissed.[1]

With respect to the nature of the offense, the record reveals that Powells attacked Hayes in the early morning while Hayes was walking Powells's former girlfriend to the

---

[1] As previously mentioned, at sentencing the trial court noted that it would not consider the causes of battery and murder charges for which Powells had been found not guilty.

8

car. After an initial verbal confrontation with Hayes, Powells blocked Hayes from driving away, reached into his vehicle for a steel or iron pipe, struck Hayes in the head, and then chased him down the street. Powells struck Hayes on his head, arm, and knee, and Hayes attempted to block the blows. Powells sustained a number of injuries due to the attack.

With respect to the character of the offender, the presentence investigation report (the "PSI") indicates that Hayes reported that Powells tried to kill him and that Hayes would like for Powells to serve time in a secure facility because he felt that Powells would try to kill him if he is released to the community. The PSI discloses that Powells was convicted of disorderly conduct in 1978, of "FL SP PREF ST WARR 3" and disorderly conduct in 1981, possession of marijuana in 1987, possession of marijuana/hash/synthetic cannibinoid in 2001, and carrying a handgun without a license in 2005. PSI at 4. The PSI also discloses that Powells was charged with burglary, battery, and carrying a handgun without a license in 2003, strangulation, battery, and domestic battery in 2007, criminal recklessness and resisting law enforcement in 2008, and battery, criminal confinement, and intimidation in 2010, but that each of these charges were ultimately dismissed due to the absence or the inability to locate essential witnesses.

After due consideration and under the circumstances, we cannot say that Powells's sentence of eight years is inappropriate in light of the nature of the offense and his character.

For the foregoing reasons, we affirm Powells's conviction and sentence for battery as a class C felony.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.