# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 17 2019, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jasmine McCoy,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 17, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2789<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Steven J. Rubick, Magistrate<br><br>Trial Court Cause No.<br>49G10-1712-CM-47916 |

**Najam, Judge.**

# Statement of the Case

[1] Jasmine McCoy appeals her conviction for battery, as a Class A misdemeanor, following a bench trial. McCoy raises a single issue for our review, namely, whether the State presented sufficient evidence to rebut her defense of self-defense. We affirm.

# Facts and Procedural History

[2] On December 12, 2017, Luther Starks was working as a cashier at a Dollar General store in Indianapolis. While Starks was checking McCoy out of the store, McCoy "was exhibiting rude behavior" toward Starks, and in response Starks refused "to double bag" some of the items McCoy was purchasing. Tr. at 4. They then got into a "verbal argument" before one of Starks' managers sent him "to the back." *Id.* at 5.

[3] As Starks was heading to the backroom, McCoy "came over . . . and was bumping into [him]" and "essentially trying to fight" him. *Id.* Starks then "decided to put her in a headlock" to avoid, he later testified under oath, "further harm" from coming "to either" of them. *Id.*

[4] "[A]fter a minute" of having McCoy in a headlock, another man intervened, Starks released McCoy, and the third party placed himself between McCoy and Starks. *Id.* at 6. Nonetheless, McCoy "decided to mace" Starks at that point, which caused Starks severe pain. *Id.*

[5] The State charged McCoy with battery as a Class A misdemeanor for her use of pepper spray against Starks. At her ensuing bench trial, she asserted that she had acted in self-defense. The trial court rejected her defense and found her guilty. This appeal ensued.

## Discussion and Decision

[6] On appeal, McCoy argues that the State failed to present sufficient evidence to rebut her claim of self-defense. Self-defense is a valid justification for an otherwise criminal act. *Miller v. State*, 720 N.E.2d 696, 699 (Ind. 1999). A defendant must establish that she was in a place where she had the right to be, acted without fault, and was in reasonable fear or apprehension of death or great bodily harm. *Id.* at 699-700. However, self-defense is unavailable to a defendant who "provoke[s], instigate[s,] or participate[s] willingly in the violence." *Brooks v. State*, 683 N.E.2d 574, 577 (Ind. 1997).

[7] Once a defendant claims self-defense, the State bears the burden of disproving at least one of the elements of the defense beyond a reasonable doubt. *Miller*, 720 N.E.2d at 700. It may meet its burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by relying on the sufficiency of its evidence in chief. *Id.* Whether the State has met its burden is a question for the trier of fact. *Id.*

[8] When a defendant challenges the sufficiency of the evidence to rebut her claim of self-defense, the standard of review remains the same as for any sufficiency of evidence claim. *Id.* at 699. We neither reweigh the evidence nor assess the

credibility of witnesses but look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom. *Id.* We will affirm a conviction where such evidence and reasonable inferences are substantial evidence of probative value sufficient to support the judgment. *Id.*

[9] The State readily presented sufficient evidence to negate McCoy's claim of self-defense. Starks testified that, after his manager had intervened at the cash register and sent Starks to a back room, McCoy pursued him. He further testified that, after he had released McCoy from the headlock and a third party had positioned himself between Starks and McCoy, McCoy then pepper-sprayed Starks by reaching around the third party. That testimony was sufficient to show that McCoy provoked, instigated, or willingly participated in the acts that precipitated the headlock, and it was also sufficient to show that, at the time she pepper-sprayed Starks, McCoy was no longer in reasonable fear for her own safety. McCoy's argument on appeal is merely a request for this Court to reweigh the evidence, which we cannot do. We affirm her conviction for battery, as a Class A misdemeanor.

[10] Affirmed.

Baker, J., and Robb, J., concur.