

FILED

Sep 07 2023, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Calvin Carl Edward Burton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 7, 2023 <br><br> Court of Appeals Case No. <br> 23A-CR-526 <br><br> Appeal from the <br> Cass Circuit Court <br><br> The Honorable <br> James K. Muehlhausen, Judge <br><br> Trial Court Cause No. <br> 09D01-2105-F6-115 |

**Opinion by Judge Vaidik**
Judges Bailey and Mathias concur.

**Vaidik, Judge.**

# Case Summary

[1] The State charged Calvin Burton with Level 6 felony dealing in marijuana. A jury trial was held, and during voir dire, one prospective juror told another that Burton was involved in a car accident twenty years earlier that killed a man and that Burton "should be sitting in prison." Three prospective jurors heard this comment, and Burton moved to strike them for cause. The trial court questioned each individually and, based on their answers that they could remain fair and impartial, denied the motion. Burton now appeals, contending his constitutional rights to an impartial jury were violated.

[2] While we are concerned about the prejudicial nature of these comments, we are bound by our Supreme Court's holding in *Kindred v. State*, 524 N.E.2d 279, 288 (Ind. 1988). There, a prospective juror stated in front of others that the defendant had previously escaped from jail. But because the challenged prospective jurors all stated during questioning that they could remain impartial, our Supreme Court upheld the trial court's denial of the defendant's motion to strike. Given this controlling precedent, we affirm Burton's conviction.

# Facts and Procedural History

[3] On May 11, 2021, deputies with the Cass County Sheriff's Department stopped a white Chevrolet Tahoe for speeding. Burton was in the passenger seat.

Deputies conducted a dog sniff of the car, and the dog alerted to the presence of drugs. A search of the car revealed a large amount of marijuana. Burton and the driver were both arrested. Deputies then searched Burton's home and found a large amount of marijuana and $10,000 in cash.

[4] The State charged Burton with Level 6 felony dealing in marijuana and alleged he is a habitual offender. A jury trial was held in January 2023. On the first day of trial, after several rounds of voir dire, five jurors had been selected.[1] The trial court took a break, and the seated jurors—Tim Carmichael, Kelly Ayers, Lori Parker, Tina Collins, and Robert Carlson—were sent to the jury room to wait. While in the jury room, Carmichael and Ayers began speaking. Carmichael told Ayers that he recognized Burton's name, that Burton had caused "a car wreck 20 years ago that killed a gentleman," and that Burton "should be sitting in prison." Tr. Vol. II p. 132.

[5] Upon being alerted to these remarks, the court twice questioned each seated juror individually. Carmichael acknowledged that he made a statement about Burton's involvement in a fatal car accident. Collins was in the restroom at the time and did not hear the remarks, but the other three—Ayers, Carlson, and Parker—all stated they had heard at least some portion of the conversation. The court then asked Ayers if the comments had "any effect on [his] ability to listen

---

[1] Another prospective juror had also been selected but was dismissed before voir dire ended after the court discovered he had failed to disclose his criminal record.

to the evidence in this case and fairly and impartially apply and reach a verdict." *Id.* The following exchange occurred:

> MR. AYERS: I would like to think that it would not. I don't know the defendant. I'd have no idea of that other than just what that gentleman said. So . . . .
>
> THE COURT: Okay. When you say you would like to think it wouldn't, is there a possibility it could?
>
> MR. AYERS: You know, Judge, I mean, just being honest I don't know that I can give an answer anything other than what I just did. I would like to think that I, you know, I'm a prudent person that can listen to what's in front of me, this is what our task is on this particular case no matter what his past is, and I would like to think that I could do that.
>
> THE COURT: Okay. But if you're pressed, could you just say yes or no to that?
>
> MR. AYERS: Can you ask the question one more time?
>
> THE COURT: Can you fairly and impartially listen to the evidence in this call, in this case and reach a verdict based solely upon the evidence and the laws instructed by the Court without being prejudiced by anything you heard Mr. Carmichael say?
>
> MR. AYERS: My answer would be yes.

*Id.* at 132-33.

[6] The court similarly asked Carlson if Carmichael's comments would affect his impartiality, and Carlson stated, "No, because they weren't, I don't know if they're factual or not. Could be his opinion." *Id.* at 123. Parker also stated, "I don't really think it will make a difference because I don't know, like, I don't if that's true. I don't know the facts. I don't know anything about that other than what I heard him say." *Id.* at 134.

[7] The court and parties agreed to strike Carmichael for cause. Defense counsel also asked the court to strike Ayers, Carlson, and Parker for cause. At this point, he could not use peremptory challenges on Ayers, Carlson, or Parker because the trial court was using a voir dire procedure that required the parties to exercise challenges after each round of questioning and any prospective juror not stricken would be accepted and not subject to further challenge.[2] The State argued that given all three stated they could remain fair and impartial, there was not enough to strike them for cause. Even so, the State suggested the court "give [the parties] a chance to use [peremptory challenges] again." *Id.* at 126. The court denied defense counsel's motion to strike the jurors for cause and did not allow the use of peremptory challenges.

[8] Defense counsel then moved for a mistrial, which was also denied. Voir dire continued, and seven jurors (six plus an alternate) were eventually empaneled, including Ayers, Carlson, and Parker. Following the trial, the jury found

---

[2] *See Marsh v. State*, 396 N.E.2d 883, 886 (Ind. 1979) (explaining this procedure in more detail).

Burton guilty of Level 6 felony dealing in marijuana.[3] Burton then admitted being a habitual offender. The trial court sentenced him to two-and-a-half years for the Level 6 felony, enhanced by six years for being a habitual offender, for a total of eight-and-a-half years.

Burton now appeals.

## Discussion and Decision

Burton contends he was denied his right to an impartial jury when the trial court denied his for-cause challenges to Ayers, Carlson, and Parker. The right to a fair trial before an impartial jury is "a cornerstone of our criminal justice system" and protected by both the state and federal constitutions. *Whiting v. State*, 969 N.E.2d 24, 28 (Ind. 2012). "[A] constitutionally impartial juror is one who is able and willing to lay aside his or her prior knowledge and opinions, follow the law as instructed by the trial judge, and render a verdict based solely on the evidence presented in court." *Id.* Removing prospective jurors—whether peremptorily or for cause—who cannot conscientiously apply the law and find the facts is the mechanism parties and trial courts use to achieve an impartial jury. *Oswalt v. State*, 19 N.E.3d 241, 245-46 (Ind. 2014). The trial court has the "inherent authority and responsibility to dismiss bias[ed] jurors for cause," and

---

[3] Burton was also charged with, and found guilty of, Class B misdemeanor possession of marijuana, but the trial court did not enter a conviction due to double-jeopardy concerns.

on appeal we afford substantial deference to its decision. *Whiting*, 969 N.E.2d at 29.

[11] In arguing the trial court erred in denying his motion to strike, Burton emphasizes the prejudicial nature of Carmichael's comments, noting he accused Burton of causing someone's death and stated he "should be sitting in prison." We agree these statements are prejudicial. We also note that voir dire was ongoing, and there is no indication in the record that remedial measures would have greatly affected the proceedings. The court could have easily stricken these prospective jurors and continued voir dire with the remaining members of the jury panel, or at least allowed Burton to use his peremptory challenges as the State suggested. It did neither. Given the constitutional interests at stake here, these would have been better courses of action.

[12] But as the State points out, in *Kindred v. State*, 524 N.E.2d 279, 288 (Ind. 1988), our Supreme Court rejected an impartial-jury challenge involving arguably worse facts. There, during voir dire a prospective juror stated, in front of other prospective jurors, that she was aware the defendant had previously escaped from jail. The defendant asked the court to strike all those who heard the comment, but the trial court denied the motion. Our Supreme Court affirmed this ruling, noting the trial court "questioned the prospective jurors regarding the possibility of prejudice, admonished the jurors to put aside preconceived notions, and ascertained the willingness of each to base his decision solely upon evidence presented at trial." *Id.* The Court determined these "corrective actions . . . eliminate[d] any prejudice which may have occurred." *Id.*

[13]     We are constrained by that holding. As in *Kindred*, the trial court here questioned the prospective jurors about Carmichael's comments and received confirmation from each that they could set aside the comments and render a fair and impartial verdict. As such, we find no reversible error.

[14]     Affirmed.


Bailey, J., and Mathias, J., concur.